CROWELL & MORING LLP
Jennifer S. Romano (CSB No. 195953, jromano@crowell.com)
Thy B. Bui (CSB No. 256383, tbui@crowell.com)
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213.622.4750
Facsimile: 213.622.2690

CROWELL & MORING LLP
Lisa Caccavo (CSB No. 256916, lcaccavo@crowell.com)
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

Attorneys for Defendant
UNITED HEALTHCARE SERVICES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IV SOLUTIONS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED HEALTHCARE SERVICES, INC., a California corporation; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. 2:12-cv-04887-GAF-MRW<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS BY DEFENDANT UNITED HEALTHCARE SERVICES, INC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: August 13, 2012<br>Time: 9:30 a.m.<br>Ctrm.: 740<br>Judge: The Honorable Gary A. Feess |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on August 13, 2012 at 9:30 a.m. or as soon thereafter as counsel may be heard, in Courtroom 740 of the above-entitled Court, located at 312 North Spring Street, Los Angeles, California defendant United Healthcare Services, Inc. ("United" or "Defendant") will move this Court, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing Plaintiff IV Solutions, Inc.'s ("IVS" or "Plaintiff") Complaint on the

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-1-

NOT. OF MOT. & MOT. TO DISMISS;
CASE NO. 2:12-CV-04887

LAACTIVE-600976029.1

basis that all of Plaintiff's causes of action are preempted under ERISA 514(a) and therefore must be dismissed. United will also move for dismissal of Plaintiff's second (Breach of the Covenant of Good Faith and Fair Dealing), third (Promissory Estoppel), and fourth (Intentional Misrepresentation) causes of action, and Plaintiff's prayer for statutory interest because Plaintiff fails to state a claim upon which relief can be granted.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on June 7, 2012.

The Motion will be based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, and the Declaration of Christina Stecki in support of this Motion, on all the pleadings and files in this action, and on such further and additional points and authorities and evidence as may be presented at the time of the hearing.

Dated:     July 10, 2012                    CROWELL & MORING LLP


                                            /s/ Jennifer S. Romano

                                            Attorneys for Defendant
                                            UNITED HEALTHCARE SERVICES, INC.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-2-

NOT. OF MOT. & MOT. TO DISMISS;
CASE NO. 2:12-CV-04887

LAACTIVE-600976029.1

## **TABLE OF CONTENTS**

INTRODUCTION ......................................................................................................1

FACTUAL BACKGROUND......................................................................................3

       A.    Plaintiff Provided Health Care Services To Three Individuals Who Are Participants In ERISA Plans Administered By United. ..............................................................4

       B.    Plaintiff Alleges That United Owes Additional Amounts For the Services Provided to A.N., D.H., and M.S. Based on Three Purported Agreements That Expressly Incorporate And Are Subject To The ERISA Plans. ...................5

       C.    Plaintiff Brings Eight State Law Causes of Action Against United, Each of Which "Relates To" The ERISA Plans. .............6

ARGUMENT .............................................................................................................8

    I.    ALL OF THE CAUSES OF ACTION ALLEGED IN PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE THEY ARE PREEMPTED BY ERISA. ...........................9

       A.    ERISA Preempts All State Law Claims That "Relate To" An ERISA Plan. ..........................................................................9

       B.    All Of Plaintiff's Causes of Action Are Preempted By ERISA § 514 Because They "Relate To" A.N., D.H., and M.S.'s ERISA-Governed Employee Benefit Plans. .................12

    II.    Plaintiff Fails To State A Claim For Breach Of The Implied Covenant Of Good Faith And Fair Dealing Because Plaintiff Fails to Allege that United Interfered With Plaintiff's Contractual Rights...............................................................................15

    III.    Plaintiff Fails To State A Claim For Promissory Estoppel Because Plaintiff Alleges Consideration For Its Promise....................16

    IV.    Plaintiff Fails To State A Claim For Intentional Misrepresentation Because Plaintiff Fails To Allege Facts Supporting The Claim With Requisite Particularity...........................17

    V.    Plaintiff Claims for Statutory Interest Under The Knox-Keene Act Is Preempted By ERISA § 514. .................................................19

CONCLUSION.........................................................................................................20

-i-

LAACTIVE-600976029.1

# TABLE OF AUTHORITIES

**CASES**

*Aetna Health Inc. v. Davila,*
542 U.S. 200, 124 S. Ct. 2488, 159 L. Ed. 2d 312 (2004) ........................... 3

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.,*
7 Cal. 4th 503, 28 Cal. Rptr. 2d 475 (1994) .................................. 18

*Ashcroft v. Iqbal,*
556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) .......................... 8

*Bast v. Prudential Ins. Co.,*
150 F.3d 1003 (9th Cir. 1998) ................................................ 11

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .......................... 8

*Cleghorn v. Blue Shield of Cal.,*
408 F.3d 1222 (9th Cir. 2005) ......................................... 3, 8, 11

*Crull v. Gem Ins. Co.,*
58 F.3d 1386 (9th Cir. 1995) .................................................. 9

*Davies v. Centennial Life Ins. Co.,*
128 F.3d 934 (6th Cir. 1997) ................................................ 11

*DeVoll v. Burdick Painting, Inc.,*
35 F.3d 408 (9th Cir. 1994) ................................................. 11

*Ebeid ex rel. U.S. v. Lungwitz,*
616 F.3d 993 (9th Cir. 2010) ................................................ 18

*Egelhoff v. Egelhoff,*
532 U.S. 141, 121 S. Ct. 1322, 149 L. Ed. 2d 264 (2001) ............... 9, 10, 14

*Ellenburg v. Brockway, Inc.,*
763 F.2d 1091 (9th Cir. 1985) ............................................... 12

*FMC Corp. v. Holliday,*
498 U.S. 52, 111 S. Ct. 403, 112 L. Ed. 2d 356 (1990) .............................. 9

*Fontenot v. Wells Fargo Bank, N.A.,*
198 Cal. App. 4th 256, 129 Cal. Rptr. 3d 467 (2001) ......................... 16, 17

*Hewlett-Packard Co. v. Barnes,*
571 F.2d 502 (9th Cir. 1978) ................................................ 19

*Hilltop Props., Inc. v. California,*
233 Cal. App. 2d 349, 43 Cal. Rptr. 605 (1965) ............................... 17

*In re Johnston,*
85 Cal. App. 3d 900, 149 Cal. Rptr. 798 (1978) ............................... 19

CROWELL & MORING LLP
ATTORNEYS AT LAW

NOT. OF MOT. & MOT. TO DISMISS;
CASE NO. 2:12-CV-04887

LAACTIVE-600976029.1

*Ingersoll-Rand Co. v. McClendon,*
498 U.S. 133, 111 S. Ct. 478, 112 L. Ed. 2d 474 (1990) .......................... 14

*Kanne v. Conn. Gen. Life Ins. Co.,*
867 F.2d 489 (1988) ........................................................................ 9

*Ky. Ass'n of Health Plans, Inc. v. Miller,*
538 U.S. 329, 123 S. Ct. 1471, 155 L. Ed. 2d 468 (2003) .......................... 9

*Lemon v. Bear Stearns Residential Mortg. Corp.,*
Case No. 2:11-cv-03677-ODW-FMO, 2012 WL 2395169 (C.D. Cal.
June 25, 2012) ............................................................................. 17

*Love v. Fire Ins. Exch.,*
221 Cal. App. 3d 1136, 271 Cal. Rptr. 246 (1990) .................................. 15

*Metro. Life Ins. Co. v. Massachusetts,*
471 U.S. 724, 105 S. Ct. 2380, 85 L. Ed. 2d 728 (1985) .......................... 1

*Metro. Life Ins. Co. v. Taylor,*
481 U.S. 58, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987) .............................. 3

*N. Am. Tool & Die Inc. v. Blue Cross of Cal.,*
24 F.3d 248 (9th Cir. 1994) .............................................................. 11

*Neilson v. Union Bank of Cal., N.A.,*
290 F. Supp. 2d 1101 (C.D. Cal. 2003) ............................................... 17

*Pilot Life Ins. Co. v. Dedeaux,*
481 U.S. 41 (1987) ................................................................. 9, 10, 11

*Providence Health Plan v. McDowell,*
385 F.3d 1168 (9th Cir. 2004) ...................................................... 10, 11

*Racine & Laramie, Ltd. v. Dep't of Parks & Rec.,*
11 Cal. App. 4th 1026, 14 Cal. Rptr. 2d 335 (1992) ........................... 15, 16

*Robinson Helicopter Co., Inc. v. Dana Corp.,*
34 Cal. 4th 979, 22 Cal. Rptr. 3d 352 (2004) ....................................... 18

*Sprewell v. Golden State Warriors,*
266 F.3d 979 (9th Cir. 2001) .............................................................. 8

*Tarmann v. State Farm Mut. Auto. Ins. Co.,*
2 Cal. App. 4th 153, 2 Cal. Rptr. 2d 861 (1991) .................................... 17

*Tingey v. Pixley-Richards W., Inc.,*
953 F.2d 1124 (9th Cir. 1992) ........................................................... 11

*U.S. Ecology, Inc. v. California,*
129 Cal. App. 4th 887, 28 Cal. Rptr. 3d 894 (2005) ............................... 16

*Vess v. Ciba-Geigy Corp. USA,*
317 F.3d 1097 (9th Cir. 2003) ........................................................... 18

CROWELL
& MORING LLP
ATTORNEYS AT LAW

LAACTIVE-600976029.1

*Williams v. WMX Techs., Inc.*,
112 F.3d 175 (5th Cir. 1997) ................................................................... 18

**STATUTES**

29 U.S.C. § 1002(1) ................................................................................... 4

29 U.S.C. § 1003(a) ................................................................................... 4

29 U.S.C. § 1003(b) ................................................................................... 4

29 U.S.C. § 1102(b)(4) ....................................................................... 10, 14

29 U.S.C. § 1104(a)(1)(D) ................................................................. 10, 14

29 U.S.C. § 1132 ........................................................................................ 2

29 U.S.C. § 1144(a) ................................................................................ 1, 9

29 U.S.C. § 1144(b)(2)(a) .......................................................................... 9

Cal. Bus. & Prof. Code § 17200 .............................................................. 11

Cal. Civ. Code § 1709 ............................................................................... 17

Cal. Civ. Code § 3287(a) ............................................................................ 8

Cal. Civ. Proc. Code § 1021.5 .................................................................... 8

Cal. Code Regs. tit. 28 .................................................................... 4, 8, 19

Cal. Health & Saf. Code § 1371 ..................................................... 4, 8, 19

Cal. Health & Saf. Code § 1371.35 ................................................. 4, 8, 19

**OTHER AUTHORITIES**

Charles Alan Wright et al., Fed. Practice & Proc. § 1484 ......................... 6

Jud. Council of Cal. Civil Jury Instructions § 325 (2011) ...................... 15

**RULES**

Fed. R. Civ. Proc. 9(b) ......................................................................... 17, 18

Fed. R. Civ. Proc. 12(b)(6) ..................................................................... 3, 8

Fed. R. Civ. Proc. 15(a) .............................................................................. 6

CROWELL
& MORING LLP
ATTORNEYS AT LAW

MEMO. OF P'S & A'S ISO MOT. TO DISMISS;
CASE NO. 2:12-CV-04887

LAACTIVE-600976029.1

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff IV Solutions, Inc. ("Plaintiff") filed this action against Defendant United Healthcare Services, Inc. ("United" or "Defendant") to seek additional payments for health care services provided by Plaintiff to three patients who are members of three health policies administered by United. The three patients are referred to in the Complaint as A.N., D.H., and M.S. Each of the three health policies at issue is a self-funded employee benefit plan governed by and subject to the Employee Retirement Income Security Act ("ERISA").

In its Complaint, Plaintiff does not acknowledge the ERISA plans that govern the health benefits applicable to A.N., D.H., and M.S. Instead, Plaintiff purports to bring state law contract, tort, and equitable claims against United. Plaintiff appears to contend that United has obligations to Plaintiff that are separate and distinct from the ERISA plans.

Despite its attempt to cloak its claims under state law, Plaintiff cannot avoid the expansive statutory preemption under ERISA § 514(a), 29 U.S.C. § 1144(a). ERISA § 514(a) contains a Congressional declaration that ERISA "shall supersede any and all State laws insofar as they may now or hereafter _relate to_ any employee benefit plan." ERISA § 514(a), 29 U.S.C. § 1144(a) (emphasis added). A state law claim "relates to" an ERISA plan, and is thus preempted, if the state law claim has a connection with or references an ERISA plan. _Metro. Life Ins. Co. v. Massachusetts_, 471 U.S. 724, 739, 105 S. Ct. 2380, 85 L. Ed. 2d 728 (1985) (ERISA § 514 "relate to" is given "broad common-sense meaning" such that if a state law "has a connection with or reference to such a plan" it is preempted).

All of Plaintiff's claims against United "relate to" the ERISA plans for A.N., D.H., and M.S. While Plaintiff alleges that each of its claims arises out of three separate agreements between Plaintiff and United that govern the services provided by Plaintiff to each of A.N., D.H., and M.S., the obligations in those three

-1-

NOT. OF MOT. & MOT. TO DISMISS; CASE NO. 2:12-CV-04887

agreements specifically relate to and are dependent on the ERISA plans.  The three documents expressly state:

> Payment of benefits, if any is subject to all terms and conditions of the policy.  Therefore, this letter of agreement does not constitute, nor should it be construed as, a guarantee of benefit payment by the Payor, and will be null and void if no benefit payment is determined to be payable by the Payor.

Decl. of Christina Stecki in Supp. of Def.'s Mot. to Dismiss ("Stecki Decl."), Exs. D-F.  Because these three alleged agreements are "subject to" the terms and conditions of the health insurance policies, which are ERISA plans, and these documents provide that they have no effect if payment is not due under the ERISA plans, a decision on the merits of each of Plaintiff's claims will rest on an interpretation of the ERISA plans.

In addition, Plaintiff's own allegations in the Complaint direct this Court to review the ERISA plan documents to adjudicate Plaintiff's claims.  For example, Plaintiff alleges that United improperly classified Plaintiff's services to D.H. as "out-of-network" under the ERISA plan in determining that D.H. had reached his lifetime out-of-network maximum limit.  Compl. ¶¶ 18-19.  Similarly, Plaintiff alleges that United owes additional amounts for services to M.S. because an in-network provider could not be located under the ERISA plans.  *Id.* ¶ 26.  This Court will be required to review and interpret the ERISA plans to adjudicate the proper administration of benefits under the plans.  Accordingly, United is entitled to dismissal of all of Plaintiff's claims on the ground that Plaintiff's claims are preempted under ERISA because they "relate to" the ERISA plans for A.N., D.H., and M.S.[1]

---

[1] Plaintiff's claims are also completely preempted under ERISA § 502, 29 U.S.C. § 1132, because they constitute claims for benefits under ERISA's civil enforcement provisions.  Complete preemption supports Defendant's removal of this case to (Continued…)

In addition, and as an alternative basis for United's motion to dismiss, Plaintiff's claims for breach of the implied covenant of good faith and fair dealing, promissory estoppel and intentional misrepresentation, and Plaintiff's prayer for statutory interest under the Knox-Keene Act should be dismissed on the following grounds:

- Plaintiff fails to state a claim for breach of the implied covenant of good faith and fair dealing because Plaintiff merely re-alleges the same facts giving rise to its claim for breach of contract, and Plaintiff fails to allege facts to demonstrate that United interfered with Plaintiff's contractual rights.

- Plaintiff fails to state a claim for promissory estoppel because Plaintiff bases this claim on an alleged contract with United.  The very nature of this alleged contract demonstrates Plaintiff's contention that there was consideration provided to Plaintiff in exchange for its performance under the contract, and therefore no equitable relief for promissory estoppel is available.

- Plaintiff fails to state a claim for intentional misrepresentation because Plaintiff fails to plead the "who, what, when, where and how" with respect to the alleged misrepresentations.  Thus, Plaintiff fails to plead the elements for this claim with the requisite particularity.

- Finally, Plaintiff's prayer for statutory interest under the Knox-Keene Act

---

federal court and is more fully addressed in Defendant's Opposition to Plaintiff's Motion for Remand, Dkt. No. 16.  *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 209, 124 S. Ct. 2488, 2496, 159 L. Ed. 2d 312 (2004) (causes of action that fall within the scope of the ERISA civil enforcement provision are removable to federal court due to § 502(a)'s "extraordinary pre-emptive power"); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66, 107 S. Ct. 1542, 1548, 95 L. Ed. 2d 55 (1987) (although suit purported to raise only state law claims, it was properly removed to federal court based on Congress' clearly manifested intent to make "causes of action within the scope of the civil enforcement provision of § 502(a) removable").  If this Court holds that Plaintiff's claims  are completely preempted under the higher standard of ERISA § 502(a) in resolving Plaintiff's Motion for Remand, Plaintiff's claims must be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  *See Cleghorn v. Blue Shield of Cal.*, 408 F.3d 1222, 1227 (9th Cir. 2005).

(including California Health & Safety Code sections 1371 and 1371.35, and 28 California Code of Regulations) should be dismissed because any prayer for damages under the Knox-Keene Act is preempted by ERISA.

## FACTUAL BACKGROUND

### A. Plaintiff Provided Health Care Services To Three Individuals Who Are Participants In ERISA Plans Administered By United.

In its Complaint, Plaintiff alleges that it is a pharmacy that supplies specialty pharmaceutical products and provides related in-home infusion services to patients. Compl. ¶ 1. Plaintiff alleges that United is a health care service plan. *Id.* ¶ 2. Plaintiff alleges that it provided services to three patients who are members of United's health service plans. Plaintiff refers to these members as A.N., D.H., and M.S.

A.N., D.H., and M.S. were participants in health insurance plans provided by their private employers. Stecki Decl. ¶¶ 4-6. United contracted with those employers to administer certain claims for medical services provided to employees who subscribe to these health plans, including A.N., D.H., and M.S. These health plans are employee welfare benefit plans within the meaning of section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1) and are subject to ERISA § 4(a), 29 U.S.C. § 1003(a) ("ERISA plans").[2] *See* Stecki Decl., Ex. A at 106-08, Ex. B at 353-55, Ex. C at 538, 541-45.

Member A.N. is enrolled in an ERISA plan sponsored by his employer, AT&T. *See id.* ¶ 4. The Summary Plan Description for A.N. indicates that it is governed by ERISA. *See id.*, Ex. A at 106-08. Member D.H. is enrolled in an ERISA plan sponsored by his employer, AT&T. *See id.* ¶ 5. The Summary Plan Description for D.H. indicates that it is governed by ERISA. *See id.*, Ex. B at 353-

---

[2] The ERISA plans at issue are private employer plans and therefore are not exempt as "governmental" or "church" plans under ERISA § 4(b), 29 U.S.C. § 1003(b).

55. Member M.S. is enrolled in an ERISA plan sponsored by his employer, Time Warner, Inc. *See id.* ¶ 6. The Summary Plan Description for M.S. indicates that it is governed by ERISA. *See id.*, Ex. C at 538, 541-45.

### B. Plaintiff Alleges That United Owes Additional Amounts For the Services Provided to A.N., D.H., and M.S. Based on Three Purported Agreements That Expressly Incorporate And Are Subject To The ERISA Plans.

In its Complaint, Plaintiff alleges that it provided services to A.N., D.H., and M.S. pursuant to purported written agreements it had with United. *See* Compl. ¶¶ 10, 15-18, 23-24. While Plaintiff fails to attach these alleged contracts to the Complaint, these documents are attached as Exhibits F, G, and H to the Amended Notice of Removal (Dkt. No. 5) and also are attached to the Stecki Declaration filed herewith. Stecki Decl., Exs. D, E, F. Each of these three documents is applicable to services rendered to a specific member. *See e.g., id.*, Ex. D (stating "Provider agrees to accept the Adjusted Price listed below … for the following products/services that have been or will be provided to the above-referenced Patient."). Each document lists an "Adjusted Price" that is to be applied to services or products provided to the specific member. Each of these documents is executed by only one party, a representative of Plaintiff.

Importantly, each of the three alleged contracts contains the same language expressly providing that benefits due under the documents is subject to the terms and conditions of the member's ERISA policy and has no effect if payment is not due under the ERISA plans:

> Payment of benefits, if any is subject to all terms and conditions of the policy. Therefore, this letter of agreement does not constitute, nor should it be construed as, a guarantee of benefit payment by the Payor, and will be null and void if no benefit payment is determined to be payable by the Payor.

*See id.*, Exs. D, E, F.

Plaintiff alleges that United failed to pay Plaintiff for the services rendered to A.N., D.H., and M.S. pursuant to the three alleged contracts. *See* Compl. ¶¶ 10-11, 15-19, 23-25. With respect to services provided to A.N., Plaintiff alleges that United owes additional sums for statutory interest arising out of late payments to Plaintiff for the benefits provided. *Id.* ¶ 12. With respect to services provided to D.H., Plaintiff alleges that United improperly denied Plaintiff's claims on the basis that D.H. had reached his lifetime out-of-network maximum limit under the ERISA plan. *Id.* ¶ 18. Plaintiff alleges that it should not have been considered an out-of-network provider under the ERISA plan. *Id.* ¶ 19. With respect to services provided to M.S., Plaintiff alleges that United improperly denied Plaintiff's claims on the basis that it was an out-of-network provider under the ERISA plan. *Id.* ¶ 26.

**C.    Plaintiff Brings Eight State Law Causes of Action Against United, Each of Which "Relates To" The ERISA Plans.**

Plaintiff filed its Complaint in this case on April 9, 2012 in the Superior Court of the State of California, County of Los Angeles. Service was effective on May 3, 2012. United timely removed the state court action to this Court on June 4, 2012 based on diversity and federal question jurisdiction.[3]

Despite the clear fact that any right to additional payment for services provided by Plaintiff to A.N., D.H., and M.S. necessarily "relates to" and is dependent on an interpretation of the ERISA plans, Plaintiff brings only state law

_____

[3] On June 27, 2012, without leave of the Court, Plaintiff served a First Amended Complaint ("FAC") in this action on United. The service and filing of the FAC was improper because it was outside the permissible time period to amend the complaint as of right and Plaintiff did not seek leave of the Court. *See* Fed. R. Civ. Proc. 15(a). As a result, the FAC has no legal effect. *See* Charles Alan Wright et al., Fed. Practice & Proc. § 1484 ("In general, if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval."). Thus, United files this Motion to Dismiss as to the original Complaint. However, in the event Plaintiff's filing of the FAC is deemed valid, the arguments in this Motion to Dismiss apply equally to the FAC.

claims against United in its Complaint.  Plaintiff attempts to plead the following claims:

(1)   **Breach of contract** - based on United's alleged failure to "make full payment" for services rendered to A.N., D.H., and M.S. based on the alleged contracts between United and Plaintiff;

(2)   **Breach of the covenant of good faith and fair dealing** - based on United's alleged failure to timely pay Plaintiff under the alleged contracts, and alleged failure to pay Plaintiff in full for the benefits;

(3)   **Promissory estoppel** - based on United's allegedly "clear and definite written promises" that it would pay Plaintiff the allegedly contracted amounts for services rendered to A.N., D.H., and M.S.;

(4)   **Intentional misrepresentation** - based on United's alleged representations to Plaintiff that United would pay the amounts as prescribed by the alleged contracts between Plaintiff and United for services rendered to A.N., D.H., and M.S.;

(5)   **Quantum meruit** - based on United's alleged failure to pay the "reasonable value" of services provided to A.N., D.H., and M.S. pursuant to the alleged contracts between Plaintiff and United;

(6)   **Open book account** - based on United's alleged failure to pay Plaintiff the amounts set forth in the alleged contracts for the services provided to A.N., D.H., and M.S.;

(7)   **Goods and services rendered** - based on United's alleged request to Plaintiff to provide services to A.N., D.H., and M.S.; United's alleged ratification of its responsibility to pay Plaintiff for the goods and services rendered by negotiating payments rates; and United's subsequent alleged failure to pay the full amounts due Plaintiff;

(8)   **Unfair competition (Violation of Business and Professions Code § 17200)** - based on United's alleged unlawful conduct that constitutes

"sharp practices" by obtaining premiums from its members and then allegedly failing to pay customary or contracted amounts for services, and by allegedly delaying payments for services rendered to its members. Regardless of Plaintiff's characterization, each cause of action arises out of the alleged contracts between Plaintiff and United, each of which specifically incorporates and is subject to the terms and conditions of the ERISA plans for A.N., D.H., and M.S.

In its prayer for relief, Plaintiff seeks monetary relief; declaratory relief; restitution; statutory interest to the extent permissible under "[California] Health & Safety Code § 1371, 1371.35, 28 Code of Regulations and, in the alternative, Civil Code section 3287(a)"; attorneys fees under California Code of Civil Procedure section 1021.5; and punitive damages.

## ARGUMENT

A motion to dismiss should be granted where the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. Proc. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The Court need not accept the truth of allegations that are contradicted by "matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[L]abels and conclusions" and "naked assertions devoid of further factual enhancement" do not suffice. *Iqbal*, 556 U.S. at 678.

Where a complaint shows that a plaintiff's state law claims are preempted by ERISA, those state law claims should be dismissed. *See e.g., Cleghorn*, 408 F.3d at 1227 (affirming dismissal of complaint, noting plaintiff's "state-law causes of action . . . conflict with the exclusive civil enforcement scheme established by

Congress in . . . ERISA" and therefore are preempted). Ordinarily, the plaintiff should then be given leave to amend to allege a claim, if possible, under ERISA. *See Crull v. Gem Ins. Co.*, 58 F.3d 1386, 1391 (9th Cir. 1995).

## I.   ALL OF THE CAUSES OF ACTION ALLEGED IN PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE THEY ARE PREEMPTED BY ERISA.

All of Plaintiff's claims against United "relate to" the ERISA plans for A.N., D.H., and M.S. As such, all of Plaintiff's claims are preempted by ERISA and should be dismissed.

### A.   ERISA Preempts All State Law Claims That "Relate To" An ERISA Plan.

ERISA § 514(a) constitutes a Congressional declaration that, excepting laws regulating insurance, ERISA "shall supersede any and all State laws insofar as they may now or hereafter <u>relate to</u> any employee benefit plan." [4]   ERISA § 514(a), 29 U.S.C. § 1144(a) (emphasis added). ERISA's statutory preemption provision is expansive. *See Egelhoff v. Egelhoff*, 532 U.S. 141, 146, 121 S. Ct. 1322, 149 L. Ed. 2d 264 (2001); *Dedeaux*, 481 U.S. at 45-46 (ERISA § 514 preemption language is "deliberately expansive"). "It establishes as an area of exclusive federal concern the subject of every state law that 'relate[s] to' an employee benefit plan governed by ERISA." *FMC Corp. v. Holliday*, 498 U.S. 52, 58, 111 S. Ct. 403, 112 L. Ed.

---

[4] While preemption under ERISA § 514 does not apply to any state law that "regulates insurance," this exception is inapplicable here. *See* ERISA § 514(b)(2)(a); 29 U.S.C. § 1144(b)(2)(a). For a law to "regulate insurance" is must be "specifically directed toward entities engaged in insurance" and "substantially affect[] the risk pooling arrangement between the insurer and the insured." *Ky. Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 342, 123 S. Ct. 1471, 1473, 155 L. Ed. 2d 468 (2003). None of the state laws giving rise to Plaintiff's claims are "directed towards the insurance industry;" nor do they "substantially affect[] the risk pooling arrangement between" insurers and insureds. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 50-51 (1987) (state law claims under insurance policy for tortious breach of contract and bad-faith were preempted by ERISA § 514 and not based on laws regulating insurance); *Kanne v. Conn. Gen. Life Ins. Co.*, 867 F.2d 489, 494 (1988) ("California's common law of contract interpretation is not a law that 'regulates insurance' and is therefore not saved from preemption.").

2d 356 (1990).

A state law "relates to" an employee benefit plan "if it has a connection with or reference to such a plan." *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1172 (9th Cir. 2004) (citation omitted). Preemption under ERISA § 514(a) is "not limited to state laws specifically designed to affect employee benefit plans." *Dedeaux*, 481 U.S. at 48 (internal quotations and citations omitted). A claim has "reference to" a plan if "the claim is premised on the existence of an ERISA plan, and . . . the existence of the plan is essential to the claim's survival." *McDowell*, 385 F.3d at 1172.

To determine whether the state law as applied in a particular lawsuit has a "connection to" an ERISA plan, the court looks "both to the 'objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive' as well as the nature of the effect of the state law on ERISA plans." *Egelhoff*, 532 U.S. at 147. In *Egelhoff*, the Supreme Court addressed a state statute that changed the designation of a decedent's beneficiary on a life insurance policy based upon the marital status of the decedent at the time of death. *Id*. at 144. The Court held that because the life insurance policy at issue was governed by ERISA and the state statute bound plan administrators to state law rules as opposed to the terms of the plan, the statute had a forbidden "connection with" ERISA and was preempted. *Id*. at 147 (citing 29 U.S.C. §§ 1102(b)(4), 1104(a)(1)(D)). The Supreme Court noted that application of the state law in that instance "directly conflicts with ERISA's requirements that plans be administered, and benefits paid, in accordance with plan documents." *Id.* at 150.

Similarly, the Ninth Circuit has explained that in determining whether a state law has a "connection with" an ERISA plan, "courts in this circuit use a relationship test" where "the emphasis is on the genuine impact that the action has on a relationship governed by ERISA…" *McDowell*, 385 F.3d at 1172 (citations omitted). If adjudication of the claim requires interpreting the plan or dictates

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-10-

MEMO. OF P'S & A'S ISO MOT. TO DISMISS;
CASE NO. 2:12-CV-04887

LAACTIVE-600976029.1

distribution of benefits, it has a "connection with" the plan and is preempted. *See N. Am. Tool & Die Inc. v. Blue Cross of Cal.*, 24 F.3d 248, 248 (9th Cir. 1994) (state law claims were preempted by ERISA because "resolution of North American's claim for refund requires examination and interpretation of the ERISA plan documents"); s*ee also Dedeaux*, 481 U.S. at 47 (state law claims for improper denial or processing of benefits under an ERISA plan "relate to" an ERISA plan and are preempted); *Davies v. Centennial Life Ins. Co.*, 128 F.3d 934, 940 (6th Cir. 1997) (finding that the defendants' claim had a connection with the ERISA plan because "[r]esolution of defendants' claim for rescission requires an interpretation of the terms and conditions of [member's] health insurance contract, a contract that is part of the ERISA-governed plan under which she seeks benefits."); *see also McDowell*, 385 F.3d at 1172 (holding claim did not "relate to" an ERISA plan because adjudication of the claim required no interpretation of the plan, no distribution of benefits, and no dispute regarding any benefits previously paid).

The Ninth Circuit has held that claims for breach of contract, breach of the covenant of good faith and fair dealing and related contract claims are preempted under ERISA where the claims relate to an ERISA plan, even if the claims do not specifically refer to the ERISA plan. *Bast v. Prudential Ins. Co.*, 150 F.3d 1003, 1007-08 (9th Cir. 1998) (holding claims for breach of contract, breach of the implied covenant of good fair and fair dealing and claims under Washington State Unfair Practice Act preempted by ERISA); *Tingey v. Pixley-Richards W., Inc.*, 953 F.2d 1124, 1131 (9th Cir. 1992) (holding claims for breach of contract, breach of the duty of good faith and fair dealing, intentional infliction of emotional distress, and violations of the Arizona Insurance Code preempted by ERISA). The Ninth Circuit also has dismissed fraud, Section 17200, and equitable claims like those brought by Plaintiff based on ERISA preemption. *See Cleghorn*, 408 F.3d at 1227 (holding plaintiff's unfair competition claim under Bus. & Prof. Code § 17200 preempted by ERISA); *DeVoll v. Burdick Painting, Inc.*, 35 F.3d 408, 412 (9th Cir.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-11-

MEMO. OF P'S & A'S ISO MOT. TO DISMISS;
CASE NO. 2:12-CV-04887

LAACTIVE-600976029.1

1994) ("The Ninth Circuit has held that ERISA preempts common law theories of breach of contract implied in fact, promissory estoppel, estoppel by conduct, fraud and deceit, and breach of contract.") citing *Ellenburg v. Brockway, Inc*., 763 F.2d 1091, 1095 (9th Cir. 1985).

**B.      All Of Plaintiff's Causes of Action Are Preempted By ERISA § 514 Because They "Relate To" A.N., D.H., and M.S.'s ERISA-Governed Employee Benefit Plans.**

Each of Plaintiff's claims "relates to" the ERISA plans applicable to United's members A.N., D.H., and M.S. because each claim requires reference to, and interpretation of, the three applicable ERISA plans.  While Plaintiff attempts to ignore the ERISA plans altogether, and instead characterize its state law claims as arising out of three separate alleged contracts between Plaintiff and United,[5] the alleged contracts expressly incorporate the terms of the ERISA plans and are specifically subject to all terms and conditions of the ERISA plans.  Plaintiff's purported contract, tort and equitable claims cannot be determined or resolved without interpreting the ERISA plans.

Plaintiff does not contest that members A.N., D.H., and M.S. are members of employer sponsored ERISA plans.  Indeed, Plaintiff's FAC, which was improperly filed on June 27, 2012, actually named the employers of members A.N., D.H., and M.S. as defendants in this action, thereby attempting to bring the purported sponsors of the ERISA plans directly into the action.  The plans or "policies" administered by United and at issue in this case are subject to ERISA.

Plaintiff also cannot reasonably contend that its claims can be determined without interpretation of the ERISA plans.  Each of the alleged contracts on which Plaintiff relies to seek payment for services rendered to members A.N., D.H., and

---

[5] Defendant notes that the alleged contracts were not negotiated by United and were signed only by Plaintiff.  However, for the purposes of this motion and the standard on a motion to dismiss, United accepts as true the allegation that the alleged contracts are between United and Plaintiff.  *See* Compl. ¶ 10, 16, 24.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-12-

MEMO. OF P'S & A'S ISO MOT. TO DISMISS;
CASE NO. 2:12-CV-04887

LAACTIVE-600976029.1

M.S. specifically provides that payment under the document is subject to the terms and conditions of the member's policy and the document would have no effect if it is determined that payment is not due under the ERISA plans:

> Payment of benefits, if any is subject to all terms and conditions of the policy.  Therefore, this letter of agreement does not constitute, nor should it be construed as, a guarantee of benefit payment by the Payor, and will be null and void if no benefit payment is determined to be payable by the Payor.

*See* Stecki Decl., Exs. D, E, F.  To determine whether Plaintiff is entitled to additional payment for services rendered to A.N., D.H., and M.S., this Court must look to the terms of the ERISA plans for each of the three members.

Although either a "reference to" or a "connection with" an ERISA plan justifies preemption, it is clear that all of Plaintiff's causes of action meet both criteria.  One need look no further than the alleged contracts between Plaintiff and United to see that Plaintiff's causes of action have a "reference to" and forbidden "connection with" the ERISA plans.  In the Complaint, Plaintiff specifically references the alleged contracts between Plaintiff and United as the source of and justification for the requested relief in all eight causes of action.  These alleged contracts directly reference and are subject to the ERISA plans, which are the health insurance policies that proscribe what benefits are covered under the policies for A.N., D.H., and M.S.  Any cause of action based on the alleged contracts therefore has a "reference to" and "connection with" the ERISA plans under even the most basic reading of these phrases.

Further, the allegations in the Complaint specifically direct this Court to review the ERISA plan documents to adjudicate Plaintiff's claims.  For member D.H., Plaintiff alleges that United denied a portion of the claims submitted by Plaintiff on the ground that member D.H. had reached his lifetime out-of-network maximum limit under the ERISA plan.  Compl. ¶18.  Plaintiff alleges: "United improperly classified [IVS's] services as 'out-of-network.'  The plan documents state that if an in-network provider cannot be located, the plan will pay out of

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-13-                MEMO. OF P'S & A'S ISO MOT. TO DISMISS;
CASE NO. 2:12-CV-04887

LAACTIVE-600976029.1

network providers the network level of benefits." *Id.* ¶ 19. Plaintiff similarly alleges that United owes additional amounts for services to M.S. because an in-network provider could not be located under the ERISA plans. *See id.* ¶ 26. This Court will be required to review the ERISA plans to adjudicate the proper administration of benefits under the plans. *See also Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 140-141, 111 S. Ct. 478, 112 L. Ed. 2d 474 (1990) (noting ERISA conflict preemption applied because the "cause of action makes specific reference to, and indeed is premised on, the existence of a pension plan" and that "there simply is no cause of action if there is no plan").

The impact of permitting Plaintiff to pursue its state law claims despite the connection to the ERISA plans is exactly what the Legislature sought to avoid when it enacted the broad preemption provisions in Section 514. Plaintiff would have United's obligations of ERISA plan administration dictated solely by Plaintiff's theories of state contract and tort law and equitable principles, without reference to the ERISA plan terms that the parties expressly intended to govern their obligations. As expressed by the Supreme Court in *Egelhoff*, ERISA "binds ERISA plan administrators to a particular choice of rules for determining beneficiary status." *Egelhoff*, 532 U.S. at 147. Requiring an ERISA plan administrator like United to pay out benefits as dictated solely by state law, rather than the plan documents, "runs counter to ERISA's commands that a plan shall 'specify the basis on which payments are made to and from the plan,' § 1102(b)(4), and that the fiduciary shall administer the plan 'in accordance with the documents and instruments governing the plan,' § 1104(a)(1)(D)." *Id*. Such a proposition is precisely the forbidden "connection to" ERISA that underlies ERISA preemption.

However artfully pleaded, the issue presented by each cause of action is identical: is Plaintiff entitled to additional payment for its services provided to ERISA plan participants? The terms of the ERISA plans governing payment of benefits must be interpreted to resolve this question. All of Plaintiff's claims refer

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-14-

MEMO. OF P'S & A'S ISO MOT. TO DISMISS;
CASE NO. 2:12-CV-04887

LAACTIVE-600976029.1

to the ERISA plans and are connected with the ERISA plans, as each claim is premised on the plans' existence, and without the ERISA plans, Plaintiff cannot prove its claims for relief.

**II.      Plaintiff Fails To State A Claim For Breach Of The Implied Covenant Of Good Faith And Fair Dealing Because Plaintiff Fails to Allege that United Interfered With Plaintiff's Contractual Rights.**

Plaintiff fails to state a cause of action for breach of the covenant of good faith and fair dealing because Plaintiff does not plead facts demonstrating that United interfered with any of Plaintiff's rights under any contract.

To maintain a cause of action for breach of the implied covenant of good faith and fair dealing, a plaintiff must allege: (1) plaintiff and defendant entered into a contract; (2) plaintiff did all, or substantially all, of the significant things that the contract required it to do; (3) defendant unfairly interfered with plaintiff's right to receive the benefits of the contract; and (4) plaintiff was harmed by defendant's conduct.  Jud. Council of Cal. Civil Jury Instructions § 325 (2011).  "[T]he covenant is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract."  *Racine & Laramie, Ltd. v. Dep't of Parks & Rec.*, 11 Cal. App. 4th 1026, 1031-32, 14 Cal. Rptr. 2d 335 (1992) (original emphasis), *quoting Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1153, 271 Cal. Rptr. 246 (1990).

In its claim for breach of the implied covenant, Plaintiff alleges nothing more than a breach of contract.  Plaintiff alleges that the contracts between it and United contemplated "payment for the products and services rendered to A.N., D.H. and M.S. by [IVS]."  Compl. ¶ 40.  Plaintiff further alleges that "United did not make the payments due under the contracts," and by failing to pay, "United unfairly interfered with IV Solutions' right to receive the benefits of the contracts."  *Id.* ¶ 42. Failure to pay the amount that the parties allegedly contracted for is a breach of contract.  It is a "technical transgression" of the *express* provisions of the alleged

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-15-                        MEMO. OF P'S & A'S ISO MOT. TO DISMISS;
                                    CASE NO. 2:12-CV-04887

LAACTIVE-600976029.1

contracts.

Plaintiff does not allege any conduct that frustrated IVS' right to the benefits of the contract but did not technically breach the contracts. *See Racine*, 11 Cal. 4th at 1031-32. As a result, Plaintiff fails to allege sufficient facts to support its claim for breach of the covenant of good faith and fair dealing.

**III.     Plaintiff Fails To State A Claim For Promissory Estoppel Because Plaintiff Alleges Consideration For Its Promise.**

Plaintiff fails to state a claim for promissory estoppel because Plaintiff alleges that the Plaintiff's performance of services to United's members was bargained for and documented in a written contact. In the Complaint, Plaintiff alleges that United's promise was made in consideration for services provided by Plaintiff, thus creating a written contract. Compl. ¶ 45.

The root of a promissory estoppel claim is that a party <u>did not</u> provide consideration in return for the promises made. A cause of action for promissory estoppel requires a plaintiff to allege that: (1) defendant made a promise to plaintiff that is clear and unambiguous in its terms; (2) it was reasonable and foreseeable that plaintiff would rely on that promise; and (3) the plaintiff was harmed by reliance on the promise. *See U.S. Ecology, Inc. v. California*, 129 Cal. App. 4th 887, 901, 28 Cal. Rptr. 3d 894 (2005).

"[A] plaintiff cannot state a claim for promissory estoppel when the promise was given in return for proper consideration. The claim instead must be pleaded as one for breach of the bargained-for contract." *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 275, 129 Cal. Rptr. 3d 467 (2001) (holding that the alleged promise was given for proper consideration; thus, the complaint could not state a claim for promissory estoppel). "The purpose of the doctrine of promissory estoppel is to make a promise binding, under certain circumstances, without consideration in the usual sense of something bargained for and given in exchange. If the promisee's performance was requested at the time the promisor made his

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-16-

MEMO. OF P'S & A'S ISO MOT. TO DISMISS;
CASE NO. 2:12-CV-04887

LAACTIVE-600976029.1

promise and that performance was bargained for, the doctrine is inapplicable." *Fontenot*, 198 Cal. App. 4th at 275; *see also Hilltop Props., Inc. v. California*, 233 Cal. App. 2d 349, 363, 43 Cal. Rptr. 605 (1965) (promissory estoppel "cannot be invoked where the promisee's reliance was bargained for … it is only where the promisee's reliance was unbargained for that there is room for application of the doctrine.").

Instead of alleging a promise lacking consideration, upon which Plaintiff relied, Plaintiff alleges that United promised to pay Plaintiff in exchange for the provision of products and services to A.N., D.H., and M.S. Compl. ¶ 45. Because, according to Plaintiff's own pleading, United's alleged promise was made in exchange for Plaintiff's provision of products and services, Plaintiff alleges consideration for the promise. As a result, Plaintiff has not stated facts sufficient to support a cause of action for promissory estoppel.

## IV. Plaintiff Fails To State A Claim For Intentional Misrepresentation Because Plaintiff Fails To Allege Facts Supporting The Claim With Requisite Particularity.

Plaintiff fails to state a claim for intentional misrepresentation because Plaintiff does not plead the cause of action with the requisite particularity. A cause of action for intentional misrepresentation is a cause of action for fraud. *See* Cal. Civ. Code § 1709; *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 159, 2 Cal. Rptr. 2d 861 (1991) ("[A]n action based on a false promise is simply a type of intentional misrepresentation, i.e., actual fraud."). Fraud claims are subject to heightened pleading standards under Rule 9(b). Fed. R. Civ. Proc. 9(b). These standards apply both to fraud and to claims that sound in fraud, such as intentional misrepresentation and negligent misrepresentation. *See Lemon v. Bear Stearns Residential Mortg. Corp.*, Case No. 2:11-cv-03677-ODW-FMO, 2012 WL 2395169, *6 (C.D. Cal. June 25, 2012) ("party alleging fraud or misrepresentation is subject to a heightened pleading standard and must plead with particularity the circumstances of the misrepresentation"); *Neilson v. Union Bank of Cal., N.A.*, 290

F. Supp. 2d 1101, 1141 (C.D. Cal. 2003).

To satisfy Rule 9(b), Plaintiffs must plead "the who, what, when, where and how" of the alleged fraudulent conduct. *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) ("Rule 9(b) requires a party to 'state with particularity the circumstances constituting fraud or mistake,' including the who, what, when, where, and how of the misconduct charged."), cert. denied, 131 S. Ct. 801, 178 L. Ed. 2d 546 (2010) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)); *see also Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997) ("Directly put, the who, what, when, and where must be laid out before access to the discovery process is granted.").

Plaintiff's intentional misrepresentation claim is based on its allegation that "United represented to IV Solutions that it would pay the amount for which it contracted with IV Solutions for A.N., D.H. and M.S." Compl. ¶ 51. This is simply a repackaging of Plaintiff's breach of contract claim. Mere allegations of breach of contract are insufficient to sustain a cause of action for intentional misrepresentation. *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 515, 28 Cal. Rptr. 2d 475 (1994) (tort recovery cannot arise simply from an alleged breach of contract); *see also Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 990, 22 Cal. Rptr. 3d 352 (2004).

Plaintiff fails to set forth facts which show "the who, what, when, where and how" of the alleged fraudulent conduct. *Lungwitz*, 616 F.3d at 998. For example, the Complaint does not include allegations describing any actual false representation that was made; when the representation was made; who at United made the allegedly false representation; whether the person(s) was authorized to speak on behalf of United in this regard; the basis of any authority the person(s) had to speak on behalf of United; or the person(s) at Plaintiff to whom the representation was communicated. Without these allegations of fact, Plaintiff fails to state a claim for intentional misrepresentation.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-18-                                          MEMO. OF P'S & A'S ISO MOT. TO DISMISS;
                                                    CASE NO. 2:12-CV-04887

LAACTIVE-600976029.1

**V.     Plaintiff's Claim for Statutory Interest Under The Knox-Keene Act Is Preempted By ERISA § 514.**

Plaintiff's claim for statutory interest under the Knox-Keene Act (including Health and Safety Code §§ 1371, 1371.35 and 28 Code of Regulations) fails because it derives from Plaintiff's claims for benefits under the ERISA plans for A.N., D.H., and M.S.  The Knox-Keene Act is preempted by ERISA to the extent that its application would regulate the administration of benefits of an employee benefit plan under ERISA.  *See Hewlett-Packard Co. v. Barnes*, 571 F.2d 502, 504 (9th Cir. 1978), affirming 425 F. Supp. 1294 (N.D. Cal. 1977) ("The clear wording of [ERISA] section 514 and the relevant legislative history show that Congress unmistakably intended ERISA to preempt a state law such as Knox-Keene that directly regulates employee benefit plans."); *see also In re Johnston*, 85 Cal. App. 3d 900, 910, 149 Cal. Rptr. 798 (1978) (ERISA preempts the Knox-Keene Act, because "where the legislation or judicial order in question affects the administration or regulation of a pension plan, such order is prohibited").

Because United's payments to Plaintiff for services provided to A.N., D.H., and M.S. were payments for benefits under the applicable ERISA plans, Plaintiff's prayer under state law for statutory interest based on alleged untimely payments is preempted and should be dismissed.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

All of Plaintiff's state law claims suffer from the same fatal flaw – they all relate to the ERISA plans of members A.N., D.H., and M.S.  As a result, all of these claims are preempted under ERISA § 514.  In addition, and as an alternative argument supporting dismissal, Plaintiff fails to allege facts sufficient to state a claim for breach of the covenant of good faith and fair dealing, promissory estoppel, intentional misrepresentation and a prayer for statutory interest.  Accordingly, Plaintiff's claims should be dismissed.

Dated:        July 10, 2012                    CROWELL & MORING LLP


                                               /s/ Jennifer S. Romano

                                               Attorneys for Defendant
                                               UNITED HEALTHCARE SERVICES, INC.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-20-                    MEMO. OF P'S & A'S ISO MOT. TO DISMISS;
                        CASE NO. 2:12-CV-04887

LAACTIVE-600976029.1

## PROOF OF SERVICE

I, Jennifer S. Romano, state:

My business address is 515 South Flower St., 40th Floor, Los Angeles, CA 90071.  I am over the age of eighteen years and not a party to this action.

On the date set forth below, I served the foregoing document(s) described as:

**NOTICE OF MOTION AND MOTION TO DISMISS
BY DEFENDANT UNITED HEALTHCARE
SERVICES, INC.; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF**

on the following person(s) in this action:

**Andrew H. Selesnick
Kevin R. Warren
Michelman & Robinson LLP
15760 Ventura Boulevard, 5th Floor
Encino, CA  91436
Telephone: (818) 783-5530
Fax: (818) 783-5507
aselesnick@mrllp.com
kwarren@mrllp.com**

☒      BY CM/ECF NOTICE OF ELECTRONIC FILING:  I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on July 10, 2012, at Los Angeles, California.

/s/ Jennifer S. Romano

Jennifer S. Romano

CROWELL
& MORING LLP
ATTORNEYS AT LAW

NOT. OF MOT. & MOT. TO DISMISS;
CASE NO. 2:12-CV-04887

LAACTIVE-600976029.1