CROWELL & MORING LLP
Jennifer S. Romano (CSB No. 195953, jromano@crowell.com)
515 South Flower St., 40th Floor
Los Angeles, CA  90071
Telephone: 213.622.4750
Facsimile: 213.622.2690

Steven D. Allison (CSB No. 174491, sallison@crowell.com)
3 Park Plaza,  20th Floor
Irvine, CA 92614
Telephone: 949.263.8400
Facsimile: 949.263.8414

David D. Johnson (CSB No. 204458, davidjohnson@crowell.com)
Andrew J. Paulson (CSB No. 267095, apaulson@crowell.com)
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

Attorneys for Defendant
UNITED HEALTHCARE SERVICES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IV SOLUTIONS, INC., a California corporation,<br><br>               Plaintiff,<br><br>     v.<br><br>UNITED HEALTHCARE SERVICES, INC., a California corporation; AT&T COMMUNICATIONS OF CALIFORNIA, a California corporation; TIME WARNER, INC., a Delaware Corporation; SBC GLOBAL SERVICES, INC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>               Defendants. | Case No. 2:12-cv-04887-GAF-MRW<br><br>[First Am. Complaint Filed: July 23, 2012]<br><br>[Sec. Am. Counterclaim Filed: May 3, 2013]<br><br>**JOINT STIPULATION REGARDING DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S RESPONSES TO DISCOVERY [Local Rule 37-2.2]**<br><br>Date:       February 19, 2014<br>Time:      9:30 a.m.<br>Judge:    Hon. Michael R. Wilner<br>Room:    H – 9th Floor<br><br>Discovery cutoff:  April 7, 2014<br>Pretrial conference:  May 19, 2014<br>Trial:  June 24, 2014 |

CROWELL
& MORING LLP
ATTORNEYS AT LAW

JOINT STIP. RE DEF.'S MOT. TO COMPEL PL.'S
RESPS. TO DISC.; CASE NO. 2:12-CV-04887-GAF-MRW

LAACTIVE-601412152.4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED HEALTHCARE
SERVICES, INC., a Minnesota
corporation,

                    Counterclaimant

      v.

IV SOLUTIONS, INC., a California
corporation,

                 Counterdefendant

CROWELL
& MORING LLP
ATTORNEYS AT LAW

JOINT STIP. RE DEF.'S MOT. TO COMPEL PL.'S
RESPS. TO DISC.; CASE NO. 2:12-CV-04887-GAF-MRW

LAACTIVE-601412152.4

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION .................................................................................. 1

II.   DEFENDANT'S OVERVIEW OF THE MOTION ....................................... 1

III.  PLAINTIFF'S OVERVIEW OF THE MOTION ........................................... 3

IV.   DISCOVERY AT ISSUE ........................................................................ 4

      A.    DEFENDANT'S INTERROGATORIES ............................................ 4

      B.    DEFENDANT'S REQUEST FOR PRODUCTION OF
            DOCUMENTS ........................................................................ 21

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-i-

UNITED HEALTHCARE SERVICES INC.'S
OPPOSITION TO MOTION TO DISMISS;
CASE NO. 2:12-CV-04887-GAF-MRW

## I.   INTRODUCTION

Pursuant to Local Rule 37-2.2, the parties hereby submit the following joint stipulation regarding the motion of Defendant United Healthcare Services Inc., ("United") to compel further discovery responses for United's Interrogatories and Request for Production of Documents from Plaintiff IV Solutions, Inc. ("IVS").

## II.   DEFENDANT'S OVERVIEW OF THE MOTION

IVS is a Los Angeles pharmacy that provides in-home infusion therapy services.  IVS allegedly provided intravenous drugs to three United members (the "Members"), but then sent United bills with prices that were 50 times or more than the rates pharmacies customarily charge.  IVS filed this lawsuit after United refused to pay these unconscionable charges, and United filed a counterclaim against IVS for damages based on IVS's false representations that it would charge United members for copays and deductibles due for its alleged services, while its policy was to routinely waive such charges.

United has been forced to bring this motion to resolve simple discovery matters, because IVS has ignored United's invitation to meet and confer as required under Local Rule 37-1.  *See* Declaration of David Johnson ("Johnson Decl.") at ¶ 3. In this Motion, United seeks further responses from IVS as follows:

• **Complete disclosures of the names, positions and contact information of witnesses** (Interrogatory Nos. 1, 3, 7, 8, 9, 12, 13 and 14):  IVS's responses to the Interrogatories were simply incomplete.  United needs full responses so that it can obtain discovery from these witnesses.

• **Disclosure of IVS's costs for the drugs it provided to the Members** (Interrogatory Nos. 4, 10 and 15, Document Request Nos. 34-36 and 40):  IVS has balked at providing the costs of its drugs on relevance grounds.  United needs this information to negate key elements of IVS's intentional misrepresentation and UCL unfairness causes of action and to support United's affirmative defense of unconscionable pricing.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

- 1 -

JOINT STIP. RE DEF.'S MOT. TO COMPEL PL.'S
RESPS. TO DISC.; CASE NO. 2:12-CV-04887-GAF-MRW

LAACTIVE-601412152.4

1      •     **Disclosures regarding IVS's practice of routinely waiving**

2 **deductibles and co-pays/co-insurance (**Interrogatory No. 25 and Document

3 Request Nos. 48 and 49):    United needs this discovery to support the scienter

4 elements of its UCL and fraud claims, as well as to support its claim for an

5 injunction.

6      •     **Production of all non-privileged documents (**Document Request

7 Nos. 7 and 23): In its responses to these requests, IVS objects to the production of

8 all communications between IVS and its attorneys, regardless of whether all such

9 communications fit within the attorney-client privilege. IVS should only be

10 permitted to withhold privileged material from discovery and should identify all

11 material so withheld from production on a privilege log.

12      •     **Production of all documents relating to payments received on bills**

13 **for IVS's services to the Members (**Document Request No. 8): IVS mysteriously

14 balks at disclosing all documents relating to payments it received on its bills for the

15 Members. United needs this discovery to determine exactly what amounts IVS

16 actually has been paid on its bills.

17      •     **Production of personnel records of all persons involved in**

18 **providing drugs to the Members (**Document Request No. 9): In similar cases,

19 IVS has attempted to justify its inflated prices by asserting that it maintains an

20 infrastructure that other pharmacies do not, including high quality pharmacists,

21 technicians, nurses, delivery personnel and administrative staff. The employee

22 records sought in Request No. 9 are necessary to determine the validity of these

23 claims, which IVS is expected to bring in this case as well. Moreover, the

24 Pharmacy Board Accusation indicates that IVS has filled prescriptions without the

25 presence or supervision of a pharmacist. United needs these records to determine if

26 this occurred in this case.

27      •     **Production of documents showing the prices IVS customarily**

28 **charged for the drugs IVS provided to the Members (**Document Request Nos.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

- 2 -

JOINT STIP. RE DEF.'S MOT. TO COMPEL PL.'S
RESPS. TO DISC.; CASE NO. 2:12-CV-04887-GAF-MRW

LAACTIVE-601412152.4

1   15 and 16):   IVS claims both that the prices for its drugs were reasonable and that

2   it is entitled to their reasonable value.  The reasonable value of a medical provider's

3   services are based on several factors, including the fees the provider actually

4   charged its other customers.  This discovery is relevant to the issue whether the

5   prices IVS charged here were not reasonable and in fact were unconscionable.

6   •    **Production of financial records relating to IVS's contention that it**

7   **was financially unable to carry the debts for its bills for the Members**

8   (Document Request No. 32).  IVS's complaint contends that it was financially

9   unable to carry the burden of the costs of the Member's drugs and that United

10  refused to pay its charges in order to put it out of business.  United needs discovery

11  of IVS's financial condition to demonstrate that these allegations are false.

12  •    **Production of documents from the pending Pharmacy Board**

13  **accusation against IVS** (Document Request No. 53):  The Pharmacy Board

14  Accusation contains allegations that mirror many of those in United's Answer and

15  Second Amended Counterclaim ("SACC" in Johnson Dec. at Exhibit D).  The

16  Accusation also contains other allegations that if present here could relieve United

17  of any obligation to pay IVS – such as that IVS dispensed drugs without the aid of a

18  pharmacist or without a pharmacist present.

19  •    **Production of all documents relating to the Members** (Document

20  Request No. 56).  This request seeks a limited number of easily identifiable

21  documents:  it only seeks documents regarding three individuals – the Members, it

22  only seeks documents for the limited period of time in which IVS dealt with the

23  Members, and it only seeks documents regarding the limited issues on which IVS

24  dealt with the Members – provision of pharmacy supplies and services.  Given this

25  limited scope of dealing, it should not be difficult for IVS to identify its internal and

26  external documents that concern these Members.

27  **III.   PLAINTIFF'S OVERVIEW OF THE MOTION**

28  No response provided.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

LAACTIVE-601412152.4

- 3 -

JOINT STIP. RE DEF.'S MOT. TO COMPEL PL.'S
RESPS. TO DISC.; CASE NO. 2:12-CV-04887-GAF-MRW

## IV.    DISCOVERY AT ISSUE

### A.    DEFENDANT'S INTERROGATORIES

**INTERROGATORY NO. 1:**

IDENTIFY ALL PERSONS currently or previously at IVS who COMMUNICATED with any person regarding D.H.

**RESPONSE TO INTERROGATORY NO. 1:**

Angella Furman (biller), Marlene Casillas (administrator), Victoria Walker (intake), Niko Vargas (collector), Alex Vara (director), James Wallner, RPH, Shawn Davis (collector), Lyn Sanchez (authorizations), and Marisol Ramirez (authorizations). Angella Furman, Marlene Casillas, James Waller and Alex Vara are employed by Plaintiff and can be contacted through Plaintiffs counsel of record.

**REASONS WHY A FURTHER RESPONSE IS NECESSARY:**

Interrogatory No. 1 requests IVS to "IDENTIFY ALL PERSONS" with relevant information.  As defined in the Interrogatories, the term "IDENTIFY ALL PERSONS" requires IVS to provide the "name, position and contact information of the person."  However, the response for Interrogatory No. 1 fails to provide:

- The position of James Wallner; and
- The contact information for Victoria Walker, Niko Vargas, Shawn Davis, Lyn Sanches and Marisol Ramirez.

IVS's failure to provide this basic information prevents United from gathering evidence from these persons and hence hinders its ability to litigate this case.  United needs full responses so it can obtain discovery from these witnesses.

**PLAINTIFF'S RESPONSE:**

No response provided.

**INTERROGATORY NO. 3:**

IDENTIFY ALL PERSONS who were involved in PROVIDING DRUGS to D.H.

**RESPONSE TO INTERROGATORY NO. 3:**

CROWELL
& MORING LLP
ATTORNEYS AT LAW

- 4 -

JOINT STIP. RE DEF.'S MOT. TO COMPEL PL.'S
RESPS. TO DISC.; CASE NO. 2:12-CV-04887-GAF-MRW

LAACTIVE-601412152.4

1     Terri Wallace, RN, administered the medication to D.H. at his home.

2 Pharmacy workers James Wallner, RPH, Joseph Chien, Jeanie Kim, Pharm.D.,

3 Roula Fodda, Caroline Oak, Kathy Phan and Wilda Wright, Pharm.D, and Mark

4 Braun, M.S., R.Ph had limited involvement in compounding or preparing the

5 medications.  James Wallner, RPH, is a current employee and can be contacted

6 through Plaintiff's counsel of record.  Terri Wallace is an independent contractor

7 whose last known address is 28767 Greenwood Pl., Castaic, CA 91384; phone

8 number 661-993-6205.

9 **REASONS WHY A FURTHER RESPONSE IS NECESSARY:**

10     Interrogatory No. 3 requests IVS to "IDENTIFY ALL PERSONS" with

11 relevant information.  As defined in the Interrogatories, the term "IDENTIFY ALL

12 PERSONS" requires IVS to provide the "name, position and contact information of

13 the person."  However, the response for Interrogatory No. 3 fails to provide:

14     •   The position of any of the persons listed; and

15     •   The contact information for Joseph Chien, Jeanie Kim, Roula Fodda,

16         Caroline Oak, Kathy Phan, Wilda Wright, and Mark Braun.

17     IVS's failure to provide this basic information prevents United from

18 gathering evidence from these persons and hence hinders its ability to litigate this

19 case.  United needs full responses so it can obtain discovery from these witnesses.

20 **PLAINTIFF'S RESPONSE:**

21     No response provided.

22 **INTERROGATORY NO. 4:**

23     State the cost YOU actually paid for each of the DRUGS YOU PROVIDED

24 to D.H.

25 **RESPONSE TO INTERROGATORY NO. 4:**

26     Responding party objects that this interrogatory is not relevant to the claims

27 or defenses in this action, wherein the parties agreed to a price for products and

28 services that was not contingent on Responding party's costs.  Without waiving this

CROWELL
& MORING LLP
ATTORNEYS AT LAW

- 5 -

JOINT STIP. RE DEF.'S MOT. TO COMPEL PL.'S
RESPS. TO DISC.; CASE NO. 2:12-CV-04887-GAF-MRW

LAACTIVE-601412152.4

1  objection, Responding party is not able to calculate the cost of medications it

2  provided to D.H. because it purchases medications in bulk and does not maintain

3  records that would allow it to trace a specific medication purchase to a specific

4  patient or to assign a specific cost to a particular patient.

5  **REASONS WHY A FURTHER RESPONSE IS NECESSARY:**

6       IVS's objections appear to be disingenuous and evasive.  Calculation of the

7  cost of a portion of bulk goods provided to an individual requires only grade-school

8  mathematics, and is necessarily within the competence of IVS and its pharmacists.

9  Moreover, IVS has repeatedly represented to the Court that it actually knows the

10  cost of the drugs it provided to D.H., M.S. and A.N.  For example:

11      • In paragraph 63 of the First Amended Complaint ("FAC," in Johnson

12        Dec. at Exhibit C) IVS alleges that it provided "expensive . . .

13        pharmaceutical products . . . to members N.A. (sic), D.H. and M.S."  The

14        only way that IVS could make this allegation is if it knew the cost of the

15        drugs it provided to A.N., D.H. and M.S.

16      • In paragraph 18 of its Answer to United's SACC, IVS denies that "AWP

17        already includes a substantial markup over its actual cost for the

18        medications provided to A.N., D.H. and M.S."  The only way that IVS

19        could make this denial is if it were able to compute and knew the actual

20        cost of the drugs provided to A.N., D.H. and M.S.

21       Discovery of the cost of the drugs IVS provided to the members is relevant to

22  IVS's intentional misrepresentation claims.  For example, in paragraph 63 of the

23  FAC, IVS alleges that the drugs IVS provided to the Members were "expensive"

24  and that United's refusal to pay the IVS's full charges for these drugs was

25  "oppressive" because IVS did not have the financial resources to carry the cost of

26  these drugs.  In paragraph 64 of the FAC, IVS further alleges that United pays

27  "unconscionably low reimbursement rates."  United needs to determine the costs

28  that IVS actually paid for the drugs and supplies it provided in order to show that

CROWELL
& MORING LLP
ATTORNEYS AT LAW

- 6 -

JOINT STIP. RE DEF.'S MOT. TO COMPEL PL.'S
RESPS. TO DISC.; CASE NO. 2:12-CV-04887-GAF-MRW

LAACTIVE-601412152.4

1 these claims are untrue.

2   Discovery of the costs of the drugs IVS provided is also relevant to IVS's

3 unfairness UCL claim.  FAC ¶ 85.  As indicated in the FAC, "[t]he test of whether a

4 business practice is unfair 'involves an examination of [that practice's] impact on its

5 alleged victim, balanced against the reasons, justifications and motives of the

6 alleged wrongdoer. In brief, the court must weigh the utility of the defendant's

7 conduct against the gravity of the harm to the alleged victim ....' " *South Bay*

8 *Chevrolet*, 72 Cal. App. 4th at 886.  IVS claims that United's "failure to properly

9 and adequately reimburse" it for the products and services it provided has injured

10 IVS and caused it to lose money.  FAC ¶ 92.  United needs to determine the cost of

11 the drugs and services that IVS provided so that it can demonstrate that United's

12 actions did not harm IVS or cause it to lose money, and that the prices IVS seeks to

13 impose are far beyond the sums necessary to "properly and adequately reimburse"

14 IVS.

15   Discovery of the costs of the drugs that IVS provided is also relevant to

16 United's affirmative defense of unconscionability.  *See* United's Answer at pp.

17 12:5-9.  Under California law, in determining whether a price term is

18 unconscionable, "courts consider not only the market price, but also the cost of the

19 goods or services to the seller." *Perdue*, 38 Cal. 3d at 927.  United needs a full

20 response so it can determine the actual costs of the supplies and services allegedly

21 provided by IVS and demonstrate its entitlement to this defense.

22 **PLAINTIFF'S RESPONSE:**

23   No response provided.

24 **INTERROGATORY NO. 5:**

25   STATE ALL FACTS supporting YOUR contention in paragraph 18 of the

26 FAC that "Defendants requested two separate courses of specialty blood products

27 and related home-infusion services from IV Solutions for member D.H."

28 **RESPONSE TO INTERROGATORY NO. 5:**

1    Defendant's agent referred D.H. to Plaintiff in or around February, 2008.

2    Defendant submitted correspondence to Plaintiff on approximately February 18,

3    2008 and on July 2, 2008 detailing the type of services it had authorized for its

4    member D.H., and allowing for treatments.  Defendant's agent entered into a

5    contract with Plaintiff on March 1, 2009 setting forth the adjusted list prices for

6    services Plaintiff provided to D.H. for those services that were provided between

7    December 6, 2008 and December 20, 2008.  This contract stated, "Provider agrees

8    to accept a 20% discount from their list price as the Adjusted Price for all invoices

9    with a date of service on or after 12/06/08 and for any unpaid invoices prior to

10   12/6/08 which are not listed above."  Plaintiff then continued to provide services to

11   D.H.

12   **REASONS WHY A FURTHER RESPONSE IS NECESSARY:**

13   Interrogatory No. 5 requests IVS to "STATE ALL FACTS" regarding IVS's

14   contentions in the Paragraph 18 of the FAC that "Defendants requested" that IVS

15   provide services to D.H.  The use of the term "STATE ALL FACTS" requires IVS

16   to "identify the person(s) involved, including name, position and contact

17   information of the person."  IVS's response to this Interrogatory fails to provide

18   this information.  IVS's response states that:

19        • "Defendant's agent referred D.H. to Plaintiff", but fails to identify this

20          "Defendant's agent" by providing his/her name, position and contact

21          information as required; and

22        • "Defendant's agent entered into a contract with Plaintiff . . .", but fails

23          again to identify this "Defendant's agent" by providing his/her name,

24          position and contact information as required.

25   United served these Interrogatories because it has no information that the

26   referrals alleged in paragraph 18 of the FAC were ever made.  IVS's failure to

27   identify "Defendant's agent" is an evasive answer that still provides United with no

28   facts regarding these allegations.  IVS should amend its responses to identify the

CROWELL
& MORING LLP
ATTORNEYS AT LAW

- 8 -

JOINT STIP. RE DEF.'S MOT. TO COMPEL PL.'S
RESPS. TO DISC.; CASE NO. 2:12-CV-04887-GAF-MRW

LAACTIVE-601412152.4

1  person, position and contact information of these alleged "Defendant's agents."

2  **PLAINTIFF'S RESPONSE:**

3  No response provided.

4  **INTERROGATORY NO. 7:**

5  IDENTIFY ALL PERSONS currently or previously at IVS who

6  COMMUNICATED with any person regarding A.N.

7  **RESPONSE TO INTERROGATORY NO. 7:**

8  Angella Furman (biller), Sophia Mendez (intake, some billing) Marlene

9  Casillas (administrator), Alex Vara (director), Lowell Foster (collector).  Angella

10  Furman, Marlene Casillas, and Alex Vara are employed by Plaintiff and can be

11  contacted through Plaintiff's counsel of record.

12  **REASONS WHY A FURTHER RESPONSE IS NECESSARY:**

13  Interrogatory No. 7 requests IVS to "IDENTIFY ALL PERSONS" with

14  relevant information.  As defined in the Interrogatories, the term "IDENTIFY ALL

15  PERSONS" requires IVS to provide the "name, position and contact information of

16  the person."  However, the response for Interrogatory No. 7 fails to provide:

17  • The contact information for Sophia Mendez and Lowell Foster.

18  IVS's failure to provide this basic information prevents United from

19  gathering evidence from these persons and hence hinders its ability to litigate this

20  case.  United needs full responses so it can obtain discovery from these witnesses.

21  **PLAINTIFF'S RESPONSE:**

22  No response provided.

23  **INTERROGATORY NO. 8:**

24  IDENTIFY ALL PERSONS currently or previously at IVS who

25  COMMUNICATED with A.N.

26  **RESPONSE TO INTERROGATORY NO. 8:**

27  The nurse who treated A.N. was Fariba. Sophia Mendez (intake and some

28  billing).

**REASONS WHY A FURTHER RESPONSE IS NECESSARY:**

Interrogatory No. 8 requests IVS to "IDENTIFY ALL PERSONS" with relevant information. As defined in the Interrogatories, the term "IDENTIFY ALL PERSONS" requires IVS to provide the "name, position and contact information of the person." However, the response for Interrogatory No. 8 fails to provide:

- The full name or position of the person identified as "Fariba"; and
- The contact information for Fariba or Sophia Mendez.

IVS's failure to provide this basic information prevents United from gathering evidence from these persons and hence hinders its ability to litigate this case. United needs a full response so it can obtain discovery from this witness.

**PLAINTIFF'S RESPONSE:**

No response provided.

**INTERROGATORY NO. 9:**

IDENTIFY ALL PERSONS who were involved in PROVIDING DRUGS to A.N.

**RESPONSE TO INTERROGATORY NO. 9:**

The nurse who administered medication to A.N. is Fariba.

**REASONS WHY A FURTHER RESPONSE IS NECESSARY:**

Interrogatory No. 8 requests IVS to "IDENTIFY ALL PERSONS" with relevant information. As defined in the Interrogatories, the term "IDENTIFY ALL PERSONS" requires IVS to provide the "name, position and contact information of the person." However, the response for Interrogatory No. 8 fails to provide:

- The full name, position or contact information of the person identified as "Fariba."

Moreover, Interrogatory No. 9 requests IVS to "IDENTIFY <u>ALL</u> PERSONS who were involved in PROVIDING DRUGS to A.N." (emphasis added). "PROVIDING DRUGS" is defined to include "any involvement, whether directly or indirectly, in filling, obtaining, selecting, compounding, preparing, processing,

1  handling, delivering, giving, distributing, sending, transferring, selling,
2  administering, infusing or providing."  However, the response to this Interrogatory
3  merely states: "The nurse who administered medication to A.N. is Fariba."  It fails
4  to identify all other persons, such as pharmacists and technicians, who were
5  involved in other aspects of providing drugs to A.N., such as preparing the
6  prescriptions.
7      IVS's failure to fully respond to Interrogatory No. 9 prevents United from
8  gathering important evidence, and hence hinders its ability to litigate this case.
9  United needs a full response so it can obtain discovery from these witnesses.
10  **PLAINTIFF'S RESPONSE:**
11      No response provided.
12  **INTERROGATORY NO. 10:**
13      State the cost YOU actually paid for each of the DRUGS YOU PROVIDED
14  to A.N.
15  **RESPONSE TO INTERROGATORY NO. 10:**
16      Responding party objects that this interrogatory exceeds the permissible
17  scope of discovery in this case, wherein the parties agreed to a price for products
18  and services that was not contingent on Responding party's costs. Without waiving
19  this objection, Responding party is not able to calculate the cost of medications it
20  provided to A.N. because it purchases medications in bulk and does not maintain
21  records that would allow it to trace a specific medication purchase to a specific
22  patient or to assign a specific cost to a particular patient.
23  **REASONS WHY A FURTHER RESPONSE IS NECESSARY:**
24      IVS's objections appear to be disingenuous and evasive.  Calculation of the
25  cost of a portion of bulk goods provided to an individual requires only grade-school
26  mathematics, and is necessarily within the competence of IVS and its pharmacists.
27  Moreover, IVS has repeatedly represented to the Court that it actually knows the
28  cost of the drugs it provided to the Members.  For example:

CROWELL
& MORING LLP
ATTORNEYS AT LAW

- 11 -

JOINT STIP. RE DEF.'S MOT. TO COMPEL PL.'S
RESPS. TO DISC.; CASE NO. 2:12-CV-04887-GAF-MRW

LAACTIVE-601412152.4

- In paragraph 63 of the FAC, IVS alleges that it provided "expensive . . . pharmaceutical products . . . to members N.A. (sic), D.H. and M.S." The only way that IVS could make this allegation is if it knew the cost of the drugs it provided to the Members.

- In paragraph 18 of its Answer to United's SACC, IVS denies that "AWP already includes a substantial markup over its actual cost for the medications provided to A.N., D.H. and M.S." The only way that IVS could make this denial is if it were able to compute and knew the actual cost of the drugs provided to the Members.

Discovery of the cost of the drugs IVS provided to the members is relevant to IVS's intentional misrepresentation and punitive damages claims. For example, in paragraph 63 of the FAC IVS alleges that the drugs IVS provided to the Members were "expensive" and that United's refusal to pay IVS's full charges for these drugs was "oppressive" because IVS did not have the financial resources to carry the cost of these drugs. In paragraph 64 of the FAC, IVS further alleges that United pays "unconscionably low reimbursement rates." United needs to determine the costs that IVS actually paid for the drugs and supplies it provided in order to show that these claims are untrue.

Discovery of the costs of the drugs IVS provided is relevant to IVS's unfairness UCL claim. FAC ¶ 85. As indicated in the FAC, "[t]he test of whether a business practice is unfair 'involves an examination of [that practice's] impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer. In brief, the court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim ....' " *South Bay Chevrolet*, 72 Cal. App. 4th at 886. IVS claims that United's "failure to properly and adequately reimburse" it for the products and services it provided has injured IVS and caused it to lose money. FAC ¶ 92. United needs to determine the cost of the drugs and services that IVS provided so that it can demonstrate that United's

CROWELL & MORING LLP
ATTORNEYS AT LAW

LAACTIVE-601412152.4

1   actions did not harm IVS or cause it to lose money, and that the prices IVS seeks to

2   impose are far beyond the sums necessary to "properly and adequately reimburse"

3   IVS.

4          Discovery of the costs of the drugs that IVS provided is also relevant to

5   United's affirmative defense of unconscionability.  *See* United's Answer at pp.

6   12:5-9.  Under California law, in determining whether a price term is

7   unconscionable, "courts consider not only the market price, but also the cost of the

8   goods or services to the seller."  *Perdue*, 38 Cal. 3d at 927.  United needs a full

9   response so that it can determine the actual costs of the drugs and supplies allegedly

10  provided by IVS and demonstrate its entitlement to this defense.

11  **PLAINTIFF'S RESPONSE:**

12          No response provided.

13  **INTERROGATORY NO. 11:**

14          IDENTIFY ALL FACTS supporting YOUR contention in paragraph 11 of

15  the FAC that "Defendants requested thirteen sets of specialty blood products from

16  IV Solutions for member A.N."

17  **RESPONSE TO INTERROGATORY NO. 11:**

18          Defendant's agent referred A.N. to Plaintiff in or around October, 2006.

19  Defendant submitted correspondence to Plaintiff on approximately January 16,

20  2007 and on August 15, 2007 detailing the type of services it had authorized for its

21  member A.N., and allowing for treatments.  Defendant's agent then entered into a

22  contract with Plaintiff on February 19, 2007 which set forth the adjusted List Prices

23  for services Plaintiff provided to A.N. and applying that Adjusted  Price to "all

24  invoices with a date of service on or after 12/05/2006 and for any unpaid invoices

25  prior to 12/05/2006 which are not listed above."  Plaintiff then continued to provide

26  services to A.N.

27  **REASONS WHY A FURTHER RESPONSE IS NECESSARY:**

28          Interrogatory No. 11 requests IVS to "STATE ALL FACTS" regarding

CROWELL
& MORING LLP
ATTORNEYS AT LAW

LAACTIVE-601412152.4

- 13 -

JOINT STIP. RE DEF.'S MOT. TO COMPEL PL.'S
RESPS. TO DISC.; CASE NO. 2:12-CV-04887-GAF-MRW

IVS's contentions in the Paragraph 11 of the FAC that "Defendants requested" that IVS provide services to A.N.  The use of the term "STATE ALL FACTS" requires IVS to "identify the person(s) involved, including name, position and contact information of the person."  IVS's response to this Interrogatory fails to provide this information.  IVS's response states that:

- "Defendant's agent referred A.N. to Plaintiff," but fails to identify this "Defendant's agent" by providing his/her name, position and contact information as required.; and
- "Defendant's agent entered into a contract with Plaintiff . . .," but fails again to identify this "Defendant's agent" by providing his/her name, position and contact information as required.

United served these Interrogatories because it has no information that the referrals alleged in Paragraph 11 of the FAC were ever made.  IVS's failure to identify "Defendant's agent" is an evasive answer that still provides United with no facts regarding these allegations.  IVS should amend its responses to identify the person, position and contact information of these alleged "Defendant's agents."

**PLAINTIFF'S RESPONSE:**

No response provided.

**INTERROGATORY NO. 12:**

IDENTIFY ALL PERSONS currently or previously at IVS who COMMUNICATED with any person regarding M.S.

**RESPONSE TO INTERROGATORY NO. 12:**

Angella Furman (biller), Victoria Walker (intake), Marlene Casillas (administrator), Brigitte Herron, RN.  Angella Furman and Marlene Casillas are current employees who can be contacted through Plaintiff's attorney of record.

**REASONS WHY A FURTHER RESPONSE IS NECESSARY:**

Interrogatory No. 12 requests IVS to "IDENTIFY ALL PERSONS" with relevant information.  As defined in the Interrogatories, the term "IDENTIFY ALL

PERSONS" requires IVS to provide the "name, position and contact information of the person." However, the response for Interrogatory No. 12 fails to provide:

- The position of Brigitte Herron; and
- The contact information for Victoria Walker and Brigitte Herron.

IVS's failure to provide this basic information prevents United from gathering evidence from these persons and hence hinders its ability to litigate this case. United needs a full response so it can obtain discovery from these witnesses.

**PLAINTIFF'S RESPONSE:**

No response provided.

**INTERROGATORY NO. 13:**

IDENTIFY ALL PERSONS currently or previously at IVS who COMMUNICATED with M.S.

**RESPONSE TO INTERROGATORY NO. 13:**

Brigitte Herron, RN.

**REASONS WHY A FURTHER RESPONSE IS NECESSARY:**

Interrogatory No. 13 requests IVS to "IDENTIFY ALL PERSONS" with relevant information. As defined in the Interrogatories, the term "IDENTIFY ALL PERSONS" requires IVS to provide the "name, position and contact information of the person." However, the response for Interrogatory No. 13 fails to provide:

- The position or contact information for Brigitte Herron.

IVS's failure to provide this basic information prevents United from gathering evidence from this person and hence hinders its ability to litigate this case. United needs a full response so it can obtain discovery from this witness.

**PLAINTIFF'S RESPONSE:**

No response provided.

**INTERROGATORY NO. 14:**

IDENTIFY ALL PERSONS who were involved in PROVIDING DRUGS to M.S.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

LAACTIVE-601412152.4

JOINT STIP. RE DEF.'S MOT. TO COMPEL PL.'S
RESPS. TO DISC.; CASE NO. 2:12-CV-04887-GAF-MRW

**RESPONSE TO INTERROGATORY NO. 14:**

Brigitte Herron, RN administered the medications to M.S. and treated him at his home.  Pharmacy workers Renee Sadow (pharmacist in charge), and Ronald Rogers, Wilda Wright and Basavraj Banapur had limited involvement in compounding or preparing the medications.  To Plaintiff's knowledge, Renee Sadow resides at 24 Union Jack St., #3, Marina del Rey, CA 90292.

**REASONS WHY A FURTHER RESPONSE IS NECESSARY:**

Interrogatory No. 14 requests IVS to "IDENTIFY ALL PERSONS" with relevant information.  As defined in the Interrogatories, the term "IDENTIFY ALL PERSONS" requires IVS to provide the "name, position and contact information of the person."  However, the response for Interrogatory No. 14 fails to provide:

- The position and contact information for Brigitte Herron, Ronald Rogers, Wilda Wright and Basavraj Banapur.

IVS's failure to provide this basic information prevents United from gathering evidence from these persons and hence hinders its ability to litigate this case.  United needs a full response so it can obtain discovery from these witnesses.

**PLAINTIFF'S RESPONSE:**

No response provided.

**INTERROGATORY NO. 15:**

State the cost YOU actually paid for each of the DRUGS YOU PROVIDED to M.S.

**RESPONSE TO INTERROGATORY NO. 15:**

Responding party objects that this interrogatory exceeds the permissible scope of discovery in this case, wherein the parties agreed to a price for products and services that was not contingent on Responding party's costs.  Without waiving this objection, Responding party is not able to calculate the cost of medications it provided to M.S because it purchases medications in bulk and does not maintain records that would allow it to trace a specific medication purchase to a specific

1  patient or to assign a specific cost to a particular patient.

2  **REASONS WHY A FURTHER RESPONSE IS NECESSARY:**

3       IVS's objections appear to be disingenuous and evasive.  Calculation of the

4  cost of a portion of bulk goods provided to an individual requires only grade-school

5  mathematics, and is necessarily within the competence of IVS and its pharmacists.

6  Moreover, IVS has repeatedly represented to the Court that it actually knows the

7  cost of the drugs it provided to the Members.  For example:

8       •   In paragraph 63 of the FAC, IVS alleges that it provided "expensive . . .

9           pharmaceutical products . . . to members N.A. (sic), D.H. and M.S."  The

10          only way that IVS could make this allegation is if it knew the cost of the

11          drugs it provided to the Members.

12      •   In paragraph 18 of its Answer to United's SACC, IVS denies that "AWP

13          already includes a substantial markup over its actual cost for the

14          medications provided to A.N., D.H. and M.S."  The only way that IVS

15          could make this denial is if it were able to compute and knew the actual

16          cost of the drugs provided to the Members.

17      Discovery of the cost of the drugs IVS provided to the members is relevant to

18  IVS's intentional misrepresentation and punitive damages claims.  For example, in

19  paragraph 63 of the FAC IVS alleges that the drugs IVS provided to the Members

20  were "expensive" and that United's refusal to pay IVS's full charges for these drugs

21  was "oppressive" because IVS did not have the financial resources to carry the cost

22  of these drugs.  In paragraph 64 of the FAC, IVS further alleges that United pays

23  "unconscionably low reimbursement rates."  United needs to determine the costs

24  that IVS actually paid for the drugs and supplies it provided in order to show that

25  these claims are untrue.

26      Discovery of the costs of the drugs IVS provided is also relevant to IVS's

27  unfairness UCL claim.  FAC ¶ 85.  As indicated in the FAC, "[t]he test of whether a

28  business practice is unfair 'involves an examination of [that practice's] impact on its

1  alleged victim, balanced against the reasons, justifications and motives of the

2  alleged wrongdoer. In brief, the court must weigh the utility of the defendant's

3  conduct against the gravity of the harm to the alleged victim ....' " *South Bay*

4  *Chevrolet*, 72 Cal. App. 4th at 886.  IVS claims that United's "failure to properly

5  and adequately reimburse" it for the products and services it provided has injured

6  IVS and caused it to lose money.  FAC ¶ 92.  United needs to determine the cost of

7  the drugs and services that IVS provided so that it can demonstrate that United's

8  actions did not harm IVS or cause it to lose money, and that the prices IVS seeks to

9  impose are far beyond the sums necessary to "properly and adequately reimburse"

10  IVS.

11      Discovery of the costs of the drugs that IVS provided is also relevant to

12  United's affirmative defense of unconscionability.  *See* United's Answer at pp.

13  12:5-9.    Under California law, in determining whether a price term is

14  unconscionable, "courts consider not only the market price, but also the cost of the

15  goods or services to the seller." *Perdue* , 38 Cal. 3d at 927.  United needs a full

16  response so that it can determine the actual costs of the drugs and supplies allegedly

17  provided by IVS and demonstrate its entitlement to this defense.

18  **PLAINTIFF'S RESPONSE:**

19      No response provided.

20  **INTERROGATORY NO. 16:**

21      STATE ALL FACTS supporting YOUR contention in paragraph 28 of the

22  FAC that "Defendants requested specialty blood products and related home-

23  infusion services from IV Solutions for member M.S."

24  **RESPONSE TO INTERROGATORY NO. 16:**

25      Defendant's agent referred M.S. to Plaintiff in or around November, 2007.

26  Defendant spoke to Plaintiff on November 12, 2007 to authorize services that

27  Plaintiff would provide to M.S.  Defendant also submitted correspondence to

28  Plaintiff on approximately November 16, 2007 and February 22, 2008 detailing the

CROWELL
& MORING LLP
ATTORNEYS AT LAW

LAACTIVE-601412152.4

- 18 -

JOINT STIP. RE DEF.'S MOT. TO COMPEL PL.'S
RESPS. TO DISC.; CASE NO. 2:12-CV-04887-GAF-MRW

1   type of services it had authorized for its member M.S., and allowing for treatments.

2   Defendant's agent entered into a contract with Plaintiff on April 30, 2008 setting

3   forth the adjusted list prices for services Plaintiff provided to M.S. for those

4   services that were provided prior to, on, or after December 2, 2007. This contract

5   stated, "Provider agrees to accept a 15% discount from their List Price as the

6   Adjusted Price for all invoices with a date of service on or after 12/02/2007 and for

7   any unpaid invoices prior to 12/02/2007 which are not listed above." Plaintiff then

8   continued to provide services to M.S.

9   **REASONS WHY A FURTHER RESPONSE IS NECESSARY:**

10          Interrogatory No. 16 requests IVS to "STATE ALL FACTS" regarding

11   IVS's contentions in the paragraph 28 of the FAC that "Defendants requested" that

12   IVS provide services to M.S.  The use of the term "STATE ALL FACTS" requires

13   IVS to "identify the person(s) involved, including name, position and contact

14   information of the person."  IVS's response to this Interrogatory fails to provide

15   this information.  IVS's response states that:

16       •   "Defendant's agent referred M.S. to Plaintiff", but fails to identify this

17           "Defendant's agent" by providing his/her name, position and contact

18           information as required.; and

19       •   "Defendant's agent entered into a contract with Plaintiff . . .", but fails

20           again to identify this "Defendant's agent" by providing his/her name,

21           position and contact information as required.

22          United served these Interrogatories because it has no information that the

23   referrals alleged in paragraph 28 of the FAC were ever made.  IVS's failure to

24   identify "Defendant's agent" is an evasive answer that still provides United with no

25   facts regarding these allegations.  IVS should amend its responses to identify the

26   person, position and contact information of these alleged "Defendant's agents."

27   **PLAINTIFF'S RESPONSE:**

28          No response provided.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

LAACTIVE-601412152.4

- 19 -

JOINT STIP. RE DEF.'S MOT. TO COMPEL PL.'S
RESPS. TO DISC.; CASE NO. 2:12-CV-04887-GAF-MRW

**INTERROGATORY NO. 25:**

IDENTIFY EACH INSTANCE in which YOU agreed, offered, performed or attempted to perform any act to FOREGO PAYMENT potentially due by a CUSTOMER to YOU.

**RESPONSE TO INTERROGATORY NO. 25:**

Plaintiff objects that this interrogatory is ambiguous and unintelligible as stated.  Plaintiff cannot discern what is meant.  Plaintiff also objects that this interrogatory is overbroad and burdensome, requiring Plaintiff to analyze records relating to every patient it has treated over the many years it has been in business.

**REASONS WHY A FURTHER RESPONSE IS NECESSARY:**

IVS's response to Interrogatory No. 25 refuses to provide any answer, claiming that the Interrogatory is "ambiguous and unintelligible" and also that providing an answer would require IVS to analyze numerous patient records.

These objections are improper:   Interrogatory No. 25 is carefully framed, and each of the main operative words is given a specific definition.  If IVS is confused about some portion of the Interrogatory, it should specifically state the element that confuses it, so that United can provide an explanation that will permit IVS to respond. *See Mancia v. Mayflower Textile Servs., Co.*, 253 F.R.D. 354, 357 (D. Md. 2008) (objecting party must "particularize" basis for objection).

Moreover, the mere fact that responding to an Interrogatory would require the inspection of business records does not excuse a responding party from providing a response.  If a response to this Interrogatory would require the examination of voluminous records, IVS may provide a response by identifying these records and offering to let Unite examine them. *See* FRCP 33(d).

**PLAINTIFF'S RESPONSE:**

No response provided.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

LAACTIVE-601412152.4

JOINT STIP. RE DEF.'S MOT. TO COMPEL PL.'S
RESPS. TO DISC.; CASE NO. 2:12-CV-04887-GAF-MRW

### B.  DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 7:**

All DOCUMENTS RELATING to any communication RELATING TO each bill YOU generated for any of the MEMBERS.

**RESPONSE TO REQUEST NO. 7:**

Plaintiff is assuming Defendant is not seeking communications between IVS and its counsel, and on that basis will produce all documents requested in the demand that are in its possession, custody or control.  The parties are actively meeting and conferring on a protective order and expect to have a signed version within a matter of days.  Given the confidential nature of the responsive documents, the documents will be produced as soon as the protective order is signed by Defendant's counsel.

**REASONS WHY A FURTHER RESPONSE IS NECESSARY:**

Request No. 7 seeks documents relating to any communications relating to bills IVS generated for the Members.  In its response to this request, IVS states that it assumes that United does not seek communications between IVS and its counsel, and that IVS would therefore not produce these types of communications.

Under FRCP 26(b)(5), if a party withholds discovery based on a privilege, it must "expressly make the claim" and "describe the nature of the documents, communications or tangible things not produced."  If party objects to a document request, it must "specify the part" objected to and permit inspection of the rest.  FRCP 34(b)(2)(C).

All communications between a lawyer and his/her client are *not* necessarily privileged.  For example, communications made in the presence of third parties, or communications of third party documents may not be privileged.  IVS should modify this response to indicate that all non-privileged documents will be produced, and should separately identify all documents that it is withholding from

CROWELL & MORING LLP
ATTORNEYS AT LAW

JOINT STIP. RE DEF.'S MOT. TO COMPEL PL.'S RESPS. TO DISC.; CASE NO. 2:12-CV-04887-GAF-MRW

LAACTIVE-601412152.4

1   discovery based on a claim of privilege.

2   **PLAINTIFF'S RESPONSE:**

3       No response provided.

4   **REQUEST NO. 8:**

5       All DOCUMENTS RELATING to any payments YOU received for each of

6   YOUR bills for DRUGS or services provided to any of the MEMBERS.

7   **RESPONSE TO REQUEST NO. 8:**

8       Plaintiff objects that this request is overbroad because it may encompass

9   records that are beyond the scope of permissible discovery.  However, Plaintiff will

10  produce the documents requested in the demand that are in its possession, custody

11  or control, including check stubs, explanation of benefits forms, charts reflecting

12  payments, and correspondence discussing payments for each of the three members.

13  **REASONS WHY A FURTHER RESPONSE IS NECESSARY:**

14      Document Request No. 8 seeks documents relating to payments IVS received

15  for bills that it provided to the Members.  IVS objects that the request is "overbroad

16  because it may encompass records that are beyond the scope of permissible

17  discovery," but agrees to produce "check stubs, explanation of benefits forms,

18  charts reflecting payments, and correspondence discussing payments for each of the

19  three members."

20      This request is carefully tailored to seek documents relating to the services

21  that IVS provided to the Members, and goes directly to the payments that IVS has

22  received for those services, one of the central issues in this case.  IVS should

23  explain why its believes this request is overbroad, and identify the types of records

24  relating to this request that IVS asserts are beyond the scope of permissible

25  discovery and that it does not intend to produce. *See Mancia*, 253 F.R.D. at 357

26  (objecting party must "particularize" basis for objection).

27  **PLAINTIFF'S RESPONSE:**

28      No response provided.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

JOINT STIP. RE DEF.'S MOT. TO COMPEL PL.'S
RESPS. TO DISC.; CASE NO. 2:12-CV-04887-GAF-MRW

LAACTIVE-601412152.4

**REQUEST NO. 9:**

All payroll records, payment records, employee files, contractor files and any other records for each person or pharmacist YOU identified in YOUR responses to INTERROGATORY No. 3.

**RESPONSE TO REQUEST NO. 9:**

Responding party objects that the request calls for confidential employee information and financial information protected by the privacy privilege of third parties. *Valley Bank of Nevada v. Sup.Ct. (Barkett)*, 15 Cal.3d 652, 657-658 (1975); *Olympic Club v. Sup.Ct. (City & County of San Francisco)*, 229 Cal.App.3d 358, 363 (1991); *Board of Trustees v. Sup.Ct. (Dong)*, 119 Cal.App.3d 516, 528 (1981); *Life Technologies Corp. v. Sup. Ct. (Joyce)*, 197 CalApp.4th 640, 652 (2011).

**REASONS WHY A FURTHER RESPONSE IS NECESSARY:**

Request No. 9 seeks payroll records, payment records, employee files, contractor records, and any other record for each person or pharmacist that IVS identified in response to Interrogatory No. 3, which seeks the identity of all persons involved in providing drugs to D.H.  IVS objects to this request on the grounds that it calls for confidential employee information and financial information protected by the privacy privilege of third parties.

In litigation with other health plans, IVS has attempted to justify its inflated prices by asserting that it maintains an infrastructure that other pharmacies do not, including high quality pharmacists, technicians, nurses, delivery personnel and administrative staff.  The employee records sought in Request No. 9 are necessary to determine the validity of these claims, which United anticipates IV Solutions will also make in this case.  While IVS has objected that this information is subject to a privacy privilege, a party is entitled to third party personnel records where a compelling need is shown and the information cannot be reasonably obtained from non-confidential sources. *See Harding Lawson Assocs.*, 10 Cal. App. 4th at 10.

1   This information is relevant to a key issue in this case and cannot be reasonably

2   obtained from sources other than IVS's payroll records.

3        Moreover, the Pharmacy Board Accusation indicates that IVS has filled

4   prescriptions without the presence or supervision of a pharmacist.  United needs

5   these records to determine if this occurred in this case.  IVS should produce these

6   records concerning the people identified in response to Interrogatory No. 3.

7   **PLAINTIFF'S RESPONSE:**

8        No response provided.

9   **REQUEST NO. 15:**

10       All DOCUMENTS that RELATE to price lists or to the standard prices that

11  YOU charged during the RELEVANT PERIOD for Carimune, Gamunex, Octagam,

12  or any other DRUG of the types YOU PROVIDED to a MEMBER.

13  **RESPONSE TO REQUEST NO. 15:**

14       Responding party objects to this request as beyond the scope of permissible

15  discovery.  It is also oppressive and burdensome, and it seeks information that is

16  protected by the privacy privileges of third-party patients.  However, Responding

17  party will produce all responsive documents in its possession, custody, or control

18  that relate to the three patients at issue.  The parties are actively meeting and

19  conferring on a protective order and expect to have a signed version within a matter

20  of days.  Given the confidential nature of the responsive documents, the documents

21  will be produced as soon as the protective order is signed by Defendant's counsel.

22  **REASONS WHY A FURTHER RESPONSE IS NECESSARY:**

23       Request Nos. 15 and 16 seek price lists, standard prices, and actual prices

24  that IVS charged to any of its patients during the relevant time period for Carimune,

25  Gamunex, Octagam, or any other drug that was provided to the Members.  IVS

26  objects that these requests are beyond the scope of permissible discovery,

27  oppressive and burdensome, and seek information protected by the privacy

28  privileges of third-party patients.  IVS further states that it intends to limit its

CROWELL
& MORING LLP
ATTORNEYS AT LAW

- 24 -

JOINT STIP. RE DEF.'S MOT. TO COMPEL PL.'S
RESPS. TO DISC.; CASE NO. 2:12-CV-04887-GAF-MRW

LAACTIVE-601412152.4

1   production to documents relating only to the three Members, as opposed to all of its

2   patients during the relevant time period.  The objections are not well-taken.

3        In its FAC, IVS alleges that it "charged Defendants its standard retail rates."

4   FAC ¶¶ 12, 19, 29.  IVS further alleges that the rates it charged for its services to

5   the Members were "reasonable."  FAC ¶¶ 71, 76.  Moreover, in its Fifth Cause of

6   Action for Quantum Meruit, its Sixth Cause of Action for Open Book Account and

7   its Seventh Cause of Action for Good as Services Rendered, IVS seeks to recover

8   the "reasonable value" of the goods and services it allegedly rendered.  *See* FAC ¶¶

9   74, 78 and 82.  *See also Bell v. Blue Cross of Cal.*, 131 Cal. App. 4th 211, 221

10  (2005) (medical provider's action for quantum meruit entitles the provider to

11  recover the "reasonable value of his services").  Under California law, the

12  reasonable value of a medical provider's services are based on several factors,

13  including "the fees usually charged by the provider."  *See Prospect Med. Group*, 45

14  Cal.4th at 505, *Gould v. Workers' Comp. Appeals Bd.*, 4 Cal.App.4th 1059, 1071

15  (1992).  United's Document Request Nos. 15 and 16, which seek evidence that

16  supports IVS's contentions and causes of action, are thus entirely appropriate.

17       IVS's objection that documents relating to price lists, standard prices, or

18  actual prices charged by IVS implicate third-party privacy privileges is also not

19  well-taken.  United does not seek any identifying information about any patients

20  who were treated and expects that any such information would be redacted from

21  any documents produced by IVS.  IVS should modify its response to indicate that it

22  will provide responsive documents as to all of its customers, and that any

23  documents withheld on the basis of privilege will be properly identified on a

24  privilege log.

25  **PLAINTIFF'S RESPONSE:**

26       No response provided.

27  **REQUEST NO. 16:**

28       All DOCUMENTS RELATING TO the actual prices YOU charged, net of

CROWELL
& MORING LLP
ATTORNEYS AT LAW

LAACTIVE-601412152.4

- 25 -

JOINT STIP. RE DEF.'S MOT. TO COMPEL PL.'S
RESPS. TO DISC.; CASE NO. 2:12-CV-04887-GAF-MRW

1    all discounts, to any person during the RELEVANT PERIOD, for Carimune,

2    Gamunex, Octagam, or any other DRUG of the types YOU PROVIDED to a

3    MEMBER.

4    **RESPONSE TO REQUEST NO. 16:**

5         Responding party objects to this request as beyond the scope of permissible

6    discovery.  It is also oppressive and burdensome, and it seeks information that is

7    protected by the privacy privileges of third-party patients.  However, Responding

8    party will produce all responsive documents in its possession, custody, or control

9    that relate to the three patients at issue.  The parties are actively meeting and

10   conferring on a protective order and expect to have a signed version within a matter

11   of days.  Given the confidential nature of the responsive documents, the documents

12   will be produced as soon as the protective order is signed by Defendant's counsel.

13   **REASONS WHY A FURTHER RESPONSE IS NECESSARY:**

14        Document Request Nos. 15 and 16 seek price lists, standard prices, and

15   actual prices that IVS charged to any of its patients during the relevant time period

16   for Carimune, Gamunex, Octagam, or any other drug that was provided to the

17   Members.  IVS objects that these requests are beyond the scope of permissible

18   discovery, oppressive and burdensome, and seek information protected by the

19   privacy privileges of third-party patients.  IVS further states that it intends to limit

20   its production to documents relating only to the three Members, as opposed to all of

21   its patients during the relevant time period.  IVS's objections are not well-taken.

22        In its FAC, IVS alleges that it "charged Defendants its standard retail rates."

23   FAC ¶¶ 12, 19, 29.  IVS further alleges that the rates it charged for its services to

24   the members was "reasonable." FAC ¶¶ 71, 76.  Moreover, in its Fifth Cause of

25   Action for Quantum Meruit, its Sixth Cause of Action for Open Book Account and

26   its Seventh Cause of Action for Good as Services Rendered, IVS seeks to recover

27   the "reasonable value" of the goods and services it allegedly rendered.  *See* FAC at

28   ¶¶ 74, 78 and 82.  *See also Bell*, 131 Cal. App. 4th at 221 (medical provider's action

CROWELL
& MORING LLP
ATTORNEYS AT LAW

LAACTIVE-601412152.4

- 26 -

JOINT STIP. RE DEF.'S MOT. TO COMPEL PL.'S
RESPS. TO DISC.; CASE NO. 2:12-CV-04887-GAF-MRW

1   for quantum meruit entitles the provider to recover the "reasonable value of his

2   services"). Under California law, the reasonable value of a medical provider's

3   services are based on several factors, including "the fees usually charged by the

4   provider." *See Prospect Med. Group*, 45 Cal. 4th at 505; *Gould*, 4 Cal.App.4th at

5   1071. United's Document Request Nos. 15 and 16, which seek evidence that

6   supports IVS's contentions and causes of action, are thus entirely appropriate and

7   United is entitled to this information under FRCP 26(b)(1).

8       IVS's objection that documents relating to price lists, standard prices, or

9   actual prices charged by IVS implicate third-party privacy privileges is also not

10  well-taken. United does not seek any identifying information about any patients

11  who were treated and expects that any such information would be redacted from

12  any documents produced by IVS. IVS should modify its response to indicate that it

13  will provide responsive documents as to all of its customers, and that any

14  documents withheld on the basis of privilege will be properly identified on a

15  privilege log.

16  **PLAINTIFF'S RESPONSE:**

17      No response provided.

18  **REQUEST NO. 23:**

19      All DOCUMENTS RELATING TO any communications between YOU and

20  any person regarding the contracts to which YOU refer in paragraphs 14, 21, 22,

21  23, 31, 32, 47-52, 54, 61, 64, 67 and 91 of the FAC.

22  **RESPONSE TO REQUEST NO. 23:**

23      Plaintiff is assuming Defendant is not seeking communications between IVS

24  and its counsel, and on that basis will produce all documents requested in the

25  demand that are in its possession, custody or control. The parties are actively

26  meeting and conferring on a protective order and expect to have a signed version

27  within a matter of days. Given the confidential nature of the responsive documents,

28  the documents will be produced as soon as the protective order is signed by

1   Defendant's counsel.

2   **REASONS WHY A FURTHER RESPONSE IS NECESSARY:**

3       Document Request No. 23 seeks communications relating to the price limit

4   agreements referenced in paragraphs 14, 21, 22, 23, 31, 32, 47-52, 54, 61, 64, 67

5   and 91 of the FAC.  In its responses to this requests, IVS states that it assumes that

6   United does not seek communications between IVS and its counsel, and that IVS

7   would therefore not produce these types of communications.

8       Under FRCP 26(b)(5), if a party withholds discovery based on a privilege, it

9   must "expressly make the claim" and "describe the nature of the documents,

10   communications or tangible things not produced."  If party objects to a document

11   request, it must "specify the part" objected to and permit inspection of the rest.

12   FRCP 34(b)(2)(C).

13       All communications between a lawyer and his/her client are *not* necessarily

14   privileged.  For example, communications made in the presence of third parties, or

15   communications of third party documents may not be privileged.  IVS should

16   modify this response to indicate that all non-privileged documents will be

17   produced, and should separately identify all documents that it is withholding from

18   discovery based on a claim of privilege in a privilege log.

19   **PLAINTIFF'S RESPONSE:**

20       No response provided.

21   **REQUEST NO. 32:**

22       All DOCUMENTS RELATING TO YOUR contention in paragraph 63 of

23   the FAC that "IV Solutions is a small business without the resources to carry

24   Defendants' debts for patients such as A.N., D.H., and M.S."

25   **RESPONSE TO REQUEST NO. 32:**

26       Responding party objects that this request does not set forth the material

27   sought with reasonable particularity.  Fed. R. Civ. P. 34(b)(1)(A).  Responding

28   party must speculate as to the type of documents sought in this request.  In doing

CROWELL
& MORING LLP
ATTORNEYS AT LAW

- 28 -

JOINT STIP. RE DEF.'S MOT. TO COMPEL PL.'S
RESPS. TO DISC.; CASE NO. 2:12-CV-04887-GAF-MRW

LAACTIVE-601412152.4

1   so, Responding party objects that the documents sought are also burdensome and

2   protected by Plaintiff's privacy privilege.

3   **REASONS WHY A FURTHER RESPONSE IS NECESSARY:**

4       Document Request No. 32 seeks documents supporting IVS's contention in

5   paragraph 63 of the FAC that states: "IV Solutions is a small business without the

6   resources to carry Defendants' debts for patients such as A.N., D.H., and M.S."

7   IVS objects to this request on grounds that the request "does not set forth the

8   material sought with reasonable particularity," requiring IVS to speculate as to the

9   type of documents sought, and on the basis that the request is burdensome and

10  protected by IVS's privacy privilege.  These objections are without merit.

11      IVS cannot reasonably contend that it has to speculate as to the type of

12  documents sought, since this request seeks documents supporting IVS's own

13  contention from its FAC.

14      Nor can IVS shield documents regarding its financial condition from

15  discovery based on burdensomeness or privacy objections.  As a first matter,

16  California law does not provide a right of privacy to corporations.  *Roberts v. Gulf*

17  *Oil Corp.*, 147 Cal. App. 3d 770, 791(1983).  Moreover, any right to privacy for

18  financial information does not apply where a party has put its financial condition at

19  issue as an element of a cause of action.  *Rawnsley*, 183 Cal. App. 3d at 91.  Here,

20  IVS's allegations regarding it financial strength in paragraph 63 support the "intent"

21  element of its fraud cause of action – that United allegedly acted with the intent to

22  harm IVS.  IVS's allegations regarding its financial condition are also repeated in

23  paragraph 91 of the FAC to support its UCL unfairness claim – that United's claims

24  processing methods are unfair because IVS and other providers "do not have the

25  resources" to fight back.

26      IVS has based its fraud and UCL causes of action against United on the

27  allegation that it is a small business without the resources to carry debts for

28  United's members.  IVS should be required to produce the documents on which the

CROWELL
& MORING LLP
ATTORNEYS AT LAW

LAACTIVE-601412152.4

- 29 -

JOINT STIP. RE DEF.'S MOT. TO COMPEL PL.'S
RESPS. TO DISC.; CASE NO. 2:12-CV-04887-GAF-MRW

1   allegation is based and should modify its response to indicate that it will produce all

2   responsive documents.

3   **PLAINTIFF'S RESPONSE:**

4       No response provided.

5   **REQUEST NO. 34:**

6       All DOCUMENTS RELATING TO YOUR cost for each of the DRUGS

7   YOU PROVIDED to the MEMBERS.

8   **RESPONSE TO REQUEST NO. 34:**

9       Responding party objects that this request exceeds the permissible scope of

10  discovery.  The requested documents are not in any way relevant to the claims or

11  defenses in this breach of contract and unfair business practices matter.  The

12  contracts between the parties contained specific price terms expressed in dollars,

13  irrespective of Plaintiff's cost.

14  **REASONS WHY A FURTHER RESPONSE IS NECESSARY:**

15      Document Request No. 34 seeks documents relating to the cost for the drugs

16  IVS provided to the Members.  IVS objects that this request is not relevant and

17  exceeds the scope of permissible discovery.

18      Discovery of the cost of the drugs IVS provided to the members is relevant to

19  IVS's intentional misrepresentation and punitive damages claims.  For example, in

20  paragraph 63 of the FAC, IVS alleges that the drugs IVS provided to the Members

21  were "expensive" and that United's refusal to pay the IVS's full charges for these

22  drugs was "oppressive" because IVS did not have the financial resources to carry

23  the cost of these drugs.  In paragraph 64 of the FAC, IVS further alleges that United

24  pays "unconscionably low reimbursement rates."  United needs to determine the

25  costs that IVS actually paid for the drugs and supplies it provided in order to show

26  that these claims are untrue.

27      Discovery of the costs of the drugs IVS provided is also relevant to IVS's

28  unfairness UCL claim.  FAC ¶ 85.  As indicated in the FAC, "[t]he test of whether a

CROWELL
& MORING LLP
ATTORNEYS AT LAW

- 30 -

JOINT STIP. RE DEF.'S MOT. TO COMPEL PL.'S
RESPS. TO DISC.; CASE NO. 2:12-CV-04887-GAF-MRW

LAACTIVE-601412152.4

business practice is unfair 'involves an examination of [that practice's] impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer. In brief, the court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim ....' " *South Bay Chevrolet*, 72 Cal. App. 4th at 886.  IVS claims that United's "failure to properly and adequately reimburse" it for the products and services it provided has injured IVS and caused it to lose money.  FAC ¶ 92.  United needs to determine the cost of the drugs and services that IVS provided so that it can demonstrate that United's actions did not harm IVS or cause it to lose money, and that the prices IVS seeks to impose are far beyond the sums necessary to "properly and adequately reimburse" IVS.

Discovery of the costs of the drugs that IVS provided is also relevant to United's affirmative defense of unconscionability.  *See* United's Answer at pp. 12:5-9.  Under California law, in determining whether a price term is unconscionable, "courts consider not only the market price, but also the cost of the goods or services to the seller." *Perdue*, 38 Cal. 3d at 927.  Because both IVS's complaint and United's answer put the cost of IVS's drugs and supplies directly at issue, documents responsive to this Request should be produced.  IVS should modify its response to indicate that it will produce all responsive documents.

**PLAINTIFF'S RESPONSE:**

No response provided.

**REQUEST NO. 35:**

All DOCUMENTS RELATING TO YOUR cost for Carimune, Gamunex, Octagam, or any other DRUG of the types YOU PROVIDED to a MEMBER, during the RELEVANT PERIOD.

**RESPONSE TO REQUEST NO. 35:**

Responding party objects that this request exceeds the permissible scope of discovery. The requested documents are not in any way relevant to the claims or

1  defenses in this breach of contract and unfair business practices matter. The

2  contracts between the parties contained specific price terms expressed in dollars,

3  irrespective of Plaintiff's cost.

4  **REASONS WHY A FURTHER RESPONSE IS NECESSARY:**

5       Document Request No. 35 seeks documents relating to the costs for the three

6  specific drugs provided to the Members (Carimune, Gamunex, Octagam)  or similar

7  drugs during the relevant period.  IVS objects that this request is not relevant and

8  exceeds the scope of permissible discovery.

9       Discovery of the cost of the drugs IVS provided to the members is relevant to

10  IVS's intentional misrepresentation and punitive damages claims.  For example, in

11  paragraph 63 of the FAC, IVS alleges that the drugs IVS provided to the Members

12  were "expensive" and that United's refusal to pay the IVS's full charges for these

13  drugs was "oppressive" because IVS did not have the financial resources to carry

14  the cost of these drugs.  In paragraph 64 of the FAC, IVS further alleges that United

15  pays "unconscionably low reimbursement rates."  United needs to determine the

16  costs that IVS actually paid for the drugs and supplies it provided in order to show

17  that these claims are untrue.

18       Discovery of the costs of the drugs IVS provided or alternative drugs that

19  could have been used is also relevant to IVS's unfairness UCL claim.  FAC ¶ 85.

20  As indicated in the FAC, "[t]he test of whether a business practice is unfair

21  'involves an examination of [that practice's] impact on its alleged victim, balanced

22  against the reasons, justifications and motives of the alleged wrongdoer. In brief,

23  the court must weigh the utility of the defendant's conduct against the gravity of the

24  harm to the alleged victim ....' " *South Bay Chevrolet*,  72 Cal. App. 4th at 886.

25  IVS claims that United's "failure to properly and adequately reimburse" it for the

26  products and services it provided has injured IVS and caused it to lose money.

27  FAC ¶ 92.  United needs to determine the cost of the drugs and services that IVS

28  provided so that it can demonstrate that United's actions did not harm IVS or cause

CROWELL
& MORING LLP
ATTORNEYS AT LAW

LAACTIVE-601412152.4

1   it to lose money, and that the prices IVS seeks to impose are far beyond the sums

2   necessary to "properly and adequately reimburse" IVS.

3       Discovery of the costs of the drugs that IVS provided is also relevant to

4   United's affirmative defense of unconscionability.  *See* United's Answer at pp.

5   12:5-9.  Under California law, in determining whether a price term is

6   unconscionable, "courts consider not only the market price, but also the cost of the

7   goods or services to the seller."  *Perdue*, 38 Cal. 3d at 927.  Because both IVS's

8   complaint and United's answer put the cost of IVS's drugs and supplies directly at

9   issue, documents responsive to this Request should be produced.  IVS should

10  modify its response to indicate that it will produce all responsive documents.

11  **PLAINTIFF'S RESPONSE:**

12      No response provided.

13  **REQUEST NO. 36:**

14      All DOCUMENTS RELATING TO YOUR cost for any supplies YOU used

15  in connection with each of the DRUGS YOU PROVIDED to the MEMBERS.

16  **RESPONSE TO REQUEST NO. 36:**

17      Responding party objects that this request exceeds the permissible scope of

18  discovery.  The requested documents are not in any way relevant to the claims or

19  defenses in this breach of contract and unfair business practices matter.  The

20  contracts between the parties contained specific price terms expressed in dollars,

21  irrespective of Plaintiff's cost.

22  **REASONS WHY A FURTHER RESPONSE IS NECESSARY:**

23      Document Request No. 36 seeks documents relating to the costs for the drug-

24  related supplies IVS allegedly provided to the Members.  IVS objects that this

25  request is not relevant and exceeds the scope of permissible discovery.

26      Discovery of the cost of the supplies IVS provided to the members is relevant

27  to IVS's intentional misrepresentation and punitive damages claims.  For example,

28  in paragraph 63 of the FAC, IVS alleges that the "products and related home-

JOINT STIP. RE DEF.'S MOT. TO COMPEL PL.'S
RESPS. TO DISC.; CASE NO. 2:12-CV-04887-GAF-MRW

LAACTIVE-601412152.4

1  infusion services" IVS provided to the Members were "expensive" and that

2  United's refusal to pay the IVS's full charges for these was "oppressive" because

3  IVS did not have the financial resources to carry their costs.  In paragraph 64 of the

4  FAC, IVS further alleges that United pays "unconscionably low reimbursement

5  rates."  United needs to determine the costs that IVS actually paid for the supplies it

6  provided in order to show that these claims are untrue.

7         Discovery of the costs of the supplies IVS provided is also relevant to IVS's

8  unfairness UCL claim.  FAC ¶ 85.  As indicated in the FAC, "[t]he test of whether a

9  business practice is unfair 'involves an examination of [that practice's] impact on its

10  alleged victim, balanced against the reasons, justifications and motives of the

11  alleged wrongdoer. In brief, the court must weigh the utility of the defendant's

12  conduct against the gravity of the harm to the alleged victim ....' " *South Bay*

13  *Chevrolet*, 72 Cal. App. 4th at 886.  IVS claims that United's "failure to properly

14  and adequately reimburse" it for the products and services it provided has injured

15  IVS and caused it to lose money.  FAC ¶ 92.  United needs to determine the cost of

16  the supplies that IVS provided so that it can demonstrate that United's actions did

17  not harm IVS or cause it to lose money, and that the prices IVS seeks to impose are

18  far beyond the sums necessary to "properly and adequately reimburse" IVS.

19         Discovery of the costs of the supplies that IVS provided is also relevant to

20  United's affirmative defense of unconscionability.  *See* United's Answer at pp.

21  12:5-9.  Under California law, in determining whether a price term is

22  unconscionable, "courts consider not only the market price, but also the cost of the

23  goods or services to the seller." *Perdue*, 38 Cal. 3d at 927.  Because both IVS's

24  complaint and United's answer put the cost of IVS's drugs and supplies directly at

25  issue, documents responsive to this Request should be produced.  IVS should

26  modify its response to indicate that it will produce all responsive documents.

27  **PLAINTIFF'S RESPONSE:**

28         No response provided.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

- 34 -

JOINT STIP. RE DEF.'S MOT. TO COMPEL PL.'S
RESPS. TO DISC.; CASE NO. 2:12-CV-04887-GAF-MRW

LAACTIVE-601412152.4

**REQUEST NO. 40:**

All DOCUMENTS that support the costs stated in YOUR response to INTERROGATORY No. 10.

**RESPONSE TO REQUEST NO. 40:**

Responding party objects that this request exceeds the permissible scope of discovery.  The requested documents are not in any way relevant to the claims or defenses in this breach of contract and unfair business practices matter.  The contracts between the parties contained specific price terms expressed in dollars, irrespective of Plaintiff's cost.

**REASONS WHY A FURTHER RESPONSE IS NECESSARY:**

Document Request No. 40 seeks documents relating to the costs for the drugs and supplies IVS provided to the Members.  IVS objects that this request is not relevant and exceeds the scope of permissible discovery.

Discovery of the cost of the drugs IVS provided to the Members is relevant to IVS's intentional misrepresentation and punitive damages claims.  For example, in paragraph 63 of the FAC, IVS alleges that the drugs IVS provided to the Members were "expensive" and that United's refusal to pay the IVS's full charges for these drugs was "oppressive" because IVS did not have the financial resources to carry the cost of these drugs.  In paragraph 64 of the FAC, IVS further alleges that United pays "unconscionably low reimbursement rates."  United needs to determine the costs that IVS actually paid for the drugs and supplies it provided in order to show that these claims are untrue.

Discovery of the costs of the drugs IVS provided is also relevant to IVS's unfairness UCL claim.  FAC ¶ 85.  As indicated in the FAC, "[t]he test of whether a business practice is unfair 'involves an examination of [that practice's] impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer. In brief, the court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim ....' " *South Bay*

CROWELL
& MORING LLP
ATTORNEYS AT LAW

- 35 -

JOINT STIP. RE DEF.'S MOT. TO COMPEL PL.'S
RESPS. TO DISC.; CASE NO. 2:12-CV-04887-GAF-MRW

LAACTIVE-601412152.4

1  *Chevrolet*, 72 Cal. App. 4th at 886. IVS claims that United's "failure to properly

2  and adequately reimburse" it for the products and services it provided has injured

3  IVS and caused it to lose money. FAC 92. United needs to determine the cost of

4  the drugs and services that IVS provided so that it can demonstrate that United's

5  actions did not harm IVS or cause it to lose money, and that the prices IVS seeks to

6  impose are far beyond the sums necessary to "properly and adequately reimburse"

7  IVS.

8      Discovery of the costs of the drugs that IVS provided is also relevant to

9  United's affirmative defense of unconscionability. *See* United's Answer at pp.

10  12:5-9. Under California law, in determining whether a price term is

11  unconscionable, "courts consider not only the market price, but also the cost of the

12  goods or services to the seller." *Perdue*, 38 Cal. 3d at 927. Because both IVS's

13  complaint and United's answer put the cost of IVS's drugs and supplies directly at

14  issue, documents responsive to this Request should be produced. IVS should

15  modify its response to indicate that it will produce all responsive documents.

16  **PLAINTIFF'S RESPONSE:**

17      No response provided.

18  **REQUEST NO. 41:**

19      All DOCUMENTS, including but not limited to financial statements and

20  general ledgers, RELATING TO YOUR financial condition during the

21  RELEVANT PERIOD.

22  **RESPONSE TO REQUEST NO. 41:**

23      Responding party objects that this request exceeds the permissible scope of

24  discovery. The requested documents are not in any way relevant to the claims or

25  defenses in this breach of contract and unfair business practices matter. The

26  contracts between the parties contain specific price terms. The documents sought

27  are also protected by Plaintiff's privacy privilege.

28  **REASONS WHY A FURTHER RESPONSE IS NECESSARY:**

1     Document Request No. 41 seeks documents relating to IVS's financial

2    condition during the relevant period.  IVS objects that this request is not relevant

3    and is outside the scope of permissible discovery, and that the documents sought

4    are protected by IVS's privacy privilege.

5     IVS cannot shield documents regarding its financial condition from

6    discovery based on relevance. As a first matter, California law does not provide a

7    right of privacy to corporations. *Roberts*, 147 Cal. App. 3d at 791.  Moreover, any

8    right to privacy for financial information does not apply where a party has put its

9    financial condition at issue as an element of a cause of action. *Rawnsley*, 183 Cal.

10   App. 3d at 91.  Here, IVS's allegations regarding its financial strength in paragraph

11   63 support the "intent" element of its fraud cause of action – that United allegedly

12   acted with the intent to harm IVS.  IVS's allegations regarding its financial

13   condition are also repeated in paragraph 91 of the FAC to support its UCL

14   unfairness claim – that United's claims processing methods are unfair because IVS

15   did "not have the resources" to fight back.

16    IVS has based its fraud and UCL causes of action against United on the

17   allegation that it is a small business without the resources to carry debts for

18   United's members.  IVS should be required to produce the documents on which

19   these allegations are based.

20   **PLAINTIFF'S RESPONSE:**

21    No response provided.

22   **REQUEST NO. 48:**

23    All DOCUMENTS RELATING TO any offer, agreement or other act by

24   YOU or on YOUR behalf to FOREGO PAYMENT potentially due by a

25   CUSTOMER for any DRUGS that YOU PROVIDED to any CUSTOMER.

26   **RESPONSE TO REQUEST NO. 48:**

27    Responding party objects that this request is ambiguous and overbroad as to

28   what is being sought, since it seeks 'documents' "relating to" an 'act' to forego a

1   payment "potentially due." The request is also burdensome in requesting IVS

2   respond as to "any customer" with an unlimited time frame, and with no specificity

3   as to the type of service provided. IVS invites a meet and confer to clarify the

4   meaning of this request, as it cannot discern whether the documents it is providing

5   are considered by Defendant to be responsive to this request or not.

6         This request also exceeds the permissible scope of discovery. The requested

7   documents are not relevant to the claims or defenses in this matter, and include

8   personal health information of third-parties.

9   **REASONS WHY A FURTHER RESPONSE IS NECESSARY:**

10         Document Request No. 48 seeks documents relating to any offer or

11   agreement by IVS to forego payments potentially due by the Members or any other

12   IVS customer – such as deductibles or co-pays/co-insurance, as repeatedly specified

13   in United's counterclaim. IVS objects that this request is vague and ambiguous and

14   also overbroad because it seeks discovery regarding IVS's waivers of co-pays,

15   deductibles, or co-insurance for customers other than the Members. These

16   objections are not well-taken.

17         United seeks this discovery to support the scienter elements of its UCL and

18   fraud claims, as well as to support its claim for an injunction. United's counterclaim

19   alleges that IVS has long had a general practice of waiving such customer

20   obligations, even though IVS is aware that it is the general practice of health plans

21   to require these charges. United's counterclaim further alleges that IVS had such a

22   general policy and practice at the time it executed the Price Limit Agreements for

23   the Members in which IVS and its managers represented that IVS would make such

24   charges for the Members, and as such these representations were false. SACC ¶¶

25   19-22, 23-24, 42-43, 54-57, 71, 78, 83. United's counterclaim seeks injunctive

26   relief to halt this unfair business practice as well as monetary relief. *See id.* at ¶ 78,

27   80, Prayer for Relief on First Cause of Action at ¶ 2. As such, it is utterly

28   appropriate for this request to seek discovery regarding IVS's business practices for

CROWELL
& MORING LLP
ATTORNEYS AT LAW

LAACTIVE-601412152.4

- 38 -

JOINT STIP. RE DEF.'S MOT. TO COMPEL PL.'S
RESPS. TO DISC.; CASE NO. 2:12-CV-04887-GAF-MRW

1   its customers in general, both at the time IVS executed the Price Limit Agreement,

2   as well as today, to support these claims.  As such, responsive documents would

3   include, *inter alia*, policy and procedure memos, customers contracts,

4   correspondence and records, and marketing materials which reflect an offer or

5   agreement by IVS to waive deductibles, co-pays/coinsurance.

6       IVS also claims that responding to this request would require the disclosure

7   of personal health information of third parties.  This is a red herring.  United does

8   not seek the personal identifying information for any third-party IVS customers and

9   would expect that IVS would appropriately redact this information.

10      The Court should also be aware that even though IVS's response invites a

11  meet-and-confer on this request, IVS has failed to respond to United's letter

12  requesting a meet and confer on the issues in this discovery motion.  *See* Johnson

13  Decl. at ¶ 3.  IVS should modify its response to eliminate its objections and to

14  indicate that it will produce all responsive documents.

15  **PLAINTIFF'S RESPONSE:**

16      No response provided.

17  **REQUEST NO. 49:**

18      All DOCUMENTS RELATING TO any offer, agreement or other act by

19  YOU or on YOUR behalf to FOREGO PAYMENT potentially due by a MEMBER

20  to YOU for any DRUGS that YOU PROVIDED to any of the MEMBERS.

21  **RESPONSE TO REQUEST NO. 49:**

22      Responding party objects that this request is ambiguous and overbroad as to

23  what is being sought, since it seeks 'documents' "relating to" an 'act' to forego a

24  payment "potentially due."  IVS invites a meet and confer to clarify the meaning of

25  this request, as it cannot discern whether the documents it is providing are

26  considered by Defendant to be responsive to this request or not.

27  **REASONS WHY A FURTHER RESPONSE IS NECESSARY:**

28      Document Request No. 49 seeks documents relating to any offer or

1  agreement by IVS to forego payments potentially due by the Members or any other

2  IVS customer.  IVS objects that this request is vague and ambiguous.  This

3  objection is not well-taken.

4      As noted above, United's counterclaim repeatedly alleges that IVS has long

5  had a general practice of waiving customer deductibles and co-pays/coinsurance

6  and that it waived such payments for the Members.  *See* SACC at ¶¶ 19-28, 40-46,

7  55-61, 71, 78, 81-88.  As such, responsive documents would include, *inter alia*,

8  policy and procedure memos, customers contracts, correspondence and records, and

9  marketing materials which reflect an offer or agreement by IVS to waive

10  deductibles, co-pays/coinsurance or similar customer obligations.

11      Even though IVS's response invites a meet-and-confer on this request, IVS

12  has failed to respond to United's letter requesting a meet and confer on the issues in

13  this discovery motion.  *See* Johnson Decl. at ¶ 3.  IVS should modify its response to

14  eliminate its objections and to indicate that it will produce all responsive

15  documents.

16  **PLAINTIFF'S RESPONSE:**

17      No response provided.

18  **REQUEST NO. 53:**

19      All DOCUMENTS, including but not limited to all pleadings,

20  correspondence, discovery, files, reports, statements, deposition and hearing

21  transcripts, rulings, findings, appeals and all other materials RELATING TO *In the*

22  *Matter of the Accusation Against IV SOLUTIONS INC., et al.*, Board of Pharmacy,

23  Department of Consumer Affairs, State of California, Case No. 3606. OAH No. L-

24  2010080069.

25  **RESPONSE TO REQUEST NO. 53:**

26      This request exceeds the permissible scope of discovery.  The requested

27  documents are not relevant to the claims or defenses in this matter.  The request

28  also seeks documents from currently pending litigation that are protected by the

CROWELL
& MORING LLP
ATTORNEYS AT LAW

- 40 -

JOINT STIP. RE DEF.'S MOT. TO COMPEL PL.'S
RESPS. TO DISC.; CASE NO. 2:12-CV-04887-GAF-MRW

LAACTIVE-601412152.4

1   attorney-client and work product privileges, specifically attorney correspondence,

2   files, reports, statements, and "all other material." The documents, including trial

3   preparation materials, protected by the privileges are too numerous to list

4   individually, and listing them would intrude on counsels' thoughts, impressions,

5   opinions, strategies, and advice regarding various aspects of that active litigation.

6   The request is also burdensome in that it seeks essentially every document relating

7   to a case. Finally, this request seeks information that is subject to the trade secret

8   privilege and which is not necessary for Defendant to carry its burden of proof.

9   **REASONS WHY A FURTHER RESPONSE IS NECESSARY:**

10       Document Request No. 53 seeks all documents relating to the accusation

11   filed against IVS by the California Board of Pharmacy. IVS objects that this

12   request exceeds the permissible scope of discovery, seeks documents protected by

13   the attorney-client privilege, trade secret privilege, and attorney work product

14   doctrine, and is burdensome.

15       IVS's objection that this request is beyond the permissible scope of discovery

16   is not well-taken. The Accusation contains allegations that mirror many of these in

17   United's Answer and SACC, including that IVS makes systematic unconscionable

18   overcharges that far exceed reasonable and customary charges, that it failed to bill a

19   patient for charges and that its excessive charges improperly used up a patient's

20   lifetime health insurance coverage cap. *See* Johnson Decl., Ex. B at ¶ 26. The

21   Pharmacy Board Accusation also contains other allegations that, if present in this

22   case, could relieve United of any obligation to pay IVS – such as that IVS

23   dispensed drugs without the aid of a pharmacist or without a pharmacist present. *Id*

24   at ¶¶29-45. United's Answer at pp. 10:17- 13:26 (asserting affirmative defenses for

25   failure to state a claim, fraud, unclean hands, lack of consideration, material breach,

26   unjust enrichment, no coverage by member plan, unconscionability, setoff and

27   recoupment, etc.) As such, this request is relevant both to United's Answer, which

28   denies that United has any liability on IVS's claims, and United's SACC.

1    IVS's claim that the materials sought by Request No. 53 are privileged is also

2    not well-taken.  United does not seek any documents that are properly protected by

3    the attorney-client privilege or attorney work product doctrine.  However, while

4    IVS would be entitled to withhold those documents from production and list them

5    in a privilege log, it is still required to produce all non-privileged/protected

6    documents.  *See* FRCP 26(b)(5), 34(b)(2)(C).  Similarly, if any responsive

7    documents are protected by the trade secret privilege, the stipulated protective order

8    contains specific provisions relating to the protection of such information, as well.

9    IVS should modify its response to eliminate its objections and to indicate that it will

10   produce all responsive documents and that any documents withheld on the basis or

11   privilege will be properly identified on a privilege log.

12   **PLAINTIFF'S RESPONSE:**

13       No response provided.

14   **REQUEST NO. 56:**

15       All DOCUMENTS RELATING to the MEMBERS.

16   **RESPONSE TO REQUEST NO. 56:**

17       Responding party objects that this request does not set forth the material

18   sought with reasonable particularity.  Fed. R. Civ. P. 34(b)(1)(A).

19   **REASONS WHY A FURTHER RESPONSE IS NECESSARY:**

20       Document Request No. 56 seeks all documents relating to the Members.  IVS

21   objects that this request does not set forth the material sought with reasonable

22   particularity. This objection is not well-taken.

23       FRCP 34(b)(1)(A) requires document request for be stated with "reasonable

24   particularity."  A request is stated with "reasonably particularity" if a respondent of

25   average intelligence would know what items to produce.  *Regan-Touhy v. Walgreen

26   Co.*, 526 F.3d 641, 649-50 (10th Cir. 2008).  This request meets this standard.

27       First, this request only seeks documents regarding three individuals – the

28   Members.  Second, United is informed and believes that IVS only dealt with the

CROWELL
& MORING LLP
ATTORNEYS AT LAW

- 42 -

JOINT STIP. RE DEF.'S MOT. TO COMPEL PL.'S
RESPS. TO DISC.; CASE NO. 2:12-CV-04887-GAF-MRW

LAACTIVE-601412152.4

Members for a limited period of time – between 2007-2011.  Third, IVS only dealt with the Members on a limited number of issues – provision of pharmacy supplies and services.

Given this limited scope of dealing, it should not be difficult for IVS to identify and produce all of its internal and external documents that concern these Members, such as patient files, physician scripts, records relating to the fulfillment and administration of prescriptions, bills, collection records, call notes, letters, emails, contracts and other correspondence.  There is simply no reason for IVS not to respond to this limited request. Indeed, if IVS had met and conferred with United, as was its obligation, any legitimate questions it had about the scope of this request could have been easily resolved.  IVS should modify its response to eliminate its objection and to state that all responsive documents will be produced.

**PLAINTIFF'S RESPONSE:**

No response provided.

Dated:    January 28, 2014                      CROWELL & MORING LLP


                                                /s/ David D. Johnson
                                         Attorneys for Defendant and Counterclaimant
                                         UNITED HEALTHCARE SERVICES, INC.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

- 43 -                    JOINT STIP. RE DEF.'S MOT. TO COMPEL PL.'S
                         RESPS. TO DISC.; CASE NO. 2:12-CV-04887-GAF-MRW

LAACTIVE-601412152.4

# PROOF OF SERVICE

I, Sharan Devoto, state:

My business address is 275 Battery Street, 23rd Floor, San Francisco, CA 94111.  I am over the age of eighteen years and not a party to this action.

On the date set forth below, I served the foregoing document(s) described as:

**JOINT STIPULATION REGARDING DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S RESPONSES TO DISCOVERY [Local Rule 37-2.2]**

on the following person(s) in this action:

**Kelly Hagemann
Andrew H. Selesnick
Kevin R. Warren
Michelman & Robinson LLP
15760 Ventura Boulevard, 5th Floor
Encino, CA  91436
Telephone: (818) 783-5530
Fax: (818) 783-5507
khagemann@mrllp.com
aselesnick@mrllp.com
kwarren@mrllp.com
Counsel for Plaintiff
IV Solutions Inc.**

**Counsel for Plaintiff IV Solutions, Inc.**

☐   <u>BY FIRST CLASS MAIL</u>:  I am employed in the City and County of San Francisco where the mailing occurred.  I enclosed the document(s) identified above in a sealed envelope or package addressed to the person(s) listed above, with postage fully paid.  I placed the envelope or package for collection and mailing, following our ordinary business practice.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-1-

PROOF OF SERVICE; CASE NO. 2:12-CV-04887-GAF-MRW

1   ☒   BY ELECTRONIC MAIL:  Based on a court order or an agreement of
2   the parties to accept service by electronic mail, I caused the
    document(s) identified above to be transmitted electronically to the
3   person(s) at the e-mail address(es) listed above.  I did not receive,
    within a reasonable time after the transmission, any electronic message
4   or other indication that the transmission was unsuccessful.

5
        I declare under penalty of perjury under the laws of the United States and the
6   State of California that the foregoing is true and correct.

7
        Executed on January 28, 2014, at San Francisco, California.
8

9                               /s/Sharan Devoto
10                              Sharan Devoto

11  LAACTIVE-601271789.1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28