CROWELL & MORING LLP
Jennifer S. Romano (CSB No. 195953, jromano@crowell.com)
Harsh P. Parikh (CSB No. 281402, hparikh@crowell.com)
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213.622.4750
Facsimile: 213.622.2690

Steven D. Allison (CSB No. 174491, sallison@crowell.com)
Thy B. Bui (CSB No. 256383, tbui@crowell.com)
3 Park Plaza, 20th Floor
Irvine, CA 92614
Telephone: 949.263.8400
Facsimile: 949.263.8414

David D. Johnson (CSB No. 204458, davidjohnson@crowell.com)
Andrew J. Paulson (CSB No. 267095, apaulson@crowell.com)
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

Attorneys for Defendant
UNITED HEALTHCARE SERVICES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IV SOLUTIONS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED HEALTHCARE SERVICES, INC., a California corporation; AT&T COMMUNICATIONS OF CALIFORNIA, a California corporation; TIME WARNER, INC., a Delaware Corporation; SBC GLOBAL SERVICES, INC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:12-cv-04887-GAF-MRW<br><br>[First Am. Complaint Filed: July 23, 2012]<br><br>[Sec. Am. Counterclaim Filed: May 3, 2013]<br><br>**Defendant United Healthcare Services, Inc.'s Response To Issues Raised In March 5, 2014 Order Re Discovery (Hon. Michael R. Wilner)**<br><br>Judge: Hon. Michael R. Wilner<br>Room: H – 9th Floor<br><br>Discovery cutoff: April 7, 2014<br>Pretrial conference: May 19, 2014<br>Trial: June 24, 2014 |

| | |
|---|---|
| 1 | UNITED HEALTHCARE SERVICES, INC., a Minnesota corporation, |
| 2 | |
| 3 | Counterclaimant, |
| 4 | v. |
| 5 | IV SOLUTIONS, INC., a California corporation, |
| 6 | Counterdefendant. |

1    Defendant United Healthcare Services, Inc. ("United") hereby responds to
2    the issues raised in the March 5, 2014 Order re: Discovery Motion issued by the
3    Honorable Magistrate Judge Michael R. Wilner, and the brief filed by Plaintiff IV
4    Solutions, Inc. ("IVS") on March 10, 2014. *See* ECF Nos. 115, 161, 170.

## I.  Issues Raised in Discovery Order

### A.  Item No. 1 in the Discovery Order

<u>Original Request and United's Proposal to Narrow</u>

Document request No. 16 asked for "[a]ll DOCUMENTS RELATING TO the actual prices YOU charged, net of all discounts, to any person during the RELEVANT PERIOD, for Carimune, Gamunex, Octagam, or any other DRUG of the types YOU PROVIDED to a MEMBER."

On February 25, 2014, United narrowed its request to: (1) copies of claims, bills or whatever documents used to charge for the drugs; (2) discount agreement(s) or other document(s) that reflect all of the discounts off its billed charges that it provided for each instance; and (3) records for claims for services during the period October 4, 2006 to December 31, 2011, for all customers, regardless of the payer. *See* Declaration of Harsh P. Parikh ("Parikh Dec.") at Ex. A.

<u>IVS's Proposal in its Brief</u>

In its brief, IVS simply proposes to produce "Health Insurance Claim Forms by March 17, 2014." *See* ECF No. 170 at 2:15-16.

<u>United's Response</u>

IVS's proposal is insufficient and vague, and IVS has failed to produce any such documents as promised. Despite United's attempts at obtaining clarification, IVS does not define the term "Health Insurance Claim Forms," and, as such, it is impossible to determine (i) the period of time for which forms will be produced, (ii) whether all claim forms for this period will be produced and (iii) whether forms for all payer types will be produced. IVS also does not propose to produce the discount agreements that it entered into with respect to these claims, so that the

actual charge, net of discounts can be determined.  *See* Parikh Dec. at Ex. C, D.

The information requested by document request No. 16 exists and is clearly discoverable.  At her March 13, 2014 deposition, IVS's corporate representative Marlene Casillas admitted that:

- IVS charges different rates based on the payer. *See* Parikh Dec. at Ex. B., pp.12-15.

- IVS frequently enters into discount agreements for its claims. *Id.* at pp. 16-18.

IVS has asserted several *quantum meruit* type causes of action in which it alleges that its claims to United represent its reasonable charges which it allegedly is entitled to recover.  Under California law, a provider's reasonable and customary charges are determined in part by the provider's actual charges to other customers. *See Prospect Med. Grp., Inc. v. Northridge Emergency Med. Grp.*, 45 Cal. 4th 497, 505 (2009); *Gould v. Workers' Comp. Appeals Bd.*, 4 Cal.App.4th 1059, 1071 (1992).  To provide evidence of the true reasonable and customary charges, United is entitled to copies of IVS's claim forms and its discount agreements for the three relevant drugs, Octagam, Gamunex and Carimune, for the period of time at issue in this suit (September 2006 – December 2011), as to all payer types, including Medicare, Medi-Cal, commercial and self-pay.

IVS first agreed to provide this information in its response to the document requests on November 15, 2013.  *See* Parikh Dec. ¶ 6.  Now, more than five months later, it is still unclear whether IVS will provide documents responsive to request No. 16, including discount agreements.  While United is willing to assist IVS in locating the relevant documents if necessary, IVS continues to play games and evade production of responsive documents.  For instance, in a letter on March 19, 2014, IVS first states that it is still "gathering claim forms," but in another letter on the same date, IVS states that "IVIG claim forms will be produced tomorrow."  *See* Parikh Dec., Ex. D.  Again, IVS does not state which "claim forms" will be

produced for what time periods, or whether the discount agreements will be provided.

United requests that the Court order IVS to produce <u>all</u> documents responsive to request No. 16, as narrowed by United on February 25, 2014. *See* Parikh Dec. at Ex. A.

### B. Item No. 2 in the Discovery Order

<u>Original Request, United's Proposal to Narrow and Court's Order</u>

United's document request Nos. 32 and 41 ask for all documents relating to IVS's financial condition. On February 21, 2014, the Court indicated that the documents should be produced but requested that United narrow its requests.

On February 25, 2014, United narrowed this request to seek only IVS's financial statements for accounting years that ended on or between October 4, 2006 and December 31, 2013. *See* Parikh Dec. at Ex. A.

On March 3, 2014, after reviewing United's proposal, the Court ordered IVS to either amend its pleadings to delete the "small-company-big-company allegations" or, "[i]f the allegations remain in the complaint…the financial information is clearly discoverable." *See* ECF No. 161.

<u>IVS's Proposal in its Brief</u>

IVS proposed to produce "certain financial information relevant to showing its size – which is the subject of paragraph 63 of the first amended complaint – by March 17, 2014." ECF No. 170, at 3:1-3.

<u>United's Response</u>

IVS's proposal is ambiguous and unjustifiably limited, and no documents have been produced to date.[1]

To show that IVS's allegations as alleged in its complaint are patently false,

---

[1] United has attempted to seek clarification on IVS's proposal. Parikh Dec. at Ex. C.

1  United is entitled to real evidence of IVS's financial strength. This objective
2  evidence is IVS's financial statements – not certain handselected documents that
3  IVS proposes to produce. Permitting IVS to provide selective information that it
4  decides is relevant simply provides a chance for IVS to hide the truth.

5  Moreover, United's complaint contains serveral "small-company-big-
6  company allegations," including those in paragraphs 2, 62, 63, 66 and 91. *See* ECF
7  No. 24. IVS's proposal to produce "certain" documents containing information
8  "subject of" only paragraph 63 is improper. Therefore, IVS must be required to
9  produce all financial statements responsive to United's narrowed request.[2]

  **C. Item No. 3 in the Discovery Order**

United has no dispute with IVS's proposal regarding Item No. 3.

  **D. Item No. 4 in the Discovery Order**

United has no dispute with IVS's proposal regarding Item No. 4.

**II. Request for an Order Memorializing Findings**

United has no objection to IVS's request for an order memorializing the Court's finding. However, United understands that the Court's orders relate to discovery and that it has not issued any orders regarding the merits of the case, including the future viability of United's unconscionability defense.

Dated: March 19, 2014        CROWELL & MORING LLP

                  /s/ Harsh P. Parikh

                  Attorneys for Defendant
                UNITED HEALTHCARE SERVICES, INC.

---

[2] IVS may produce these documents pursuant to the Stipulated Protective Order that the parties have entered. *See* ECF Nos. 108, 109.