LINKS: 331

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4887 GAF (MRWx) | Date | October 14, 2014 |
|---|---|---|---|
| Title | IV Solutions Inc v. United Healthcare Services Inc et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes Kerr | None | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          (In Chambers)

### ORDER RE: MOTION TO FILE UNDER SEAL

     The Court is currently in receipt of an application to file under seal, submitted by Defendant and Counterclaimant United Healthcare Services, Inc. ("United")as part of its Opposition to IV Solution's Motion in Limine #5.  (Docket No. 331 [Appl.].)  United seeks to file excerpts of the deposition of Plaintiff IV Solution's sole owner, Alex Vara ("Vara Deposition").  (Docket No. 332 [Mem. in Support of Appl.] at 2; see Docket No. 326-1 [Declaration of David D. Johnson ("Johnson Decl.") at Ex. A [Vara Deposition Excerpts].).  United states good cause exists to seal these excerpts, but does not provide any illustrations thereof.  (Id.)  However, United notes that the Parties "have entered into a Stipulated Propective [sic] Order that this Court granted."  (Id.)

     While courts customarily allow the parties to establish ground rules for designating material as confidential for discovery purposes, the Court does not cede to them ultimate authority or responsibility over the sealing of documents.  Thus, the fact that certain information may fall within the ambit of the parties' protective order is of limited importance to the Court in determining whether or not an application to seal should be granted.  The public has a "general right to inspect and copy public records and documents, including judicial records and documents" because it has an interest in "keep[ing] a watchful eye on the workings of public agencies."  Nixon v. Warner Commc'ns., Inc., 435 U.S. 589, 597–98 (1978).  A "strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments."  Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006).  "Thus, 'compelling reasons' must be shown to seal judicial records attached to a dispositive motion."  (Id.)  Motions in limine can operate as dispositive motions.  See, e.g., Archila v. KFC U.S. Props., Inc., 420 Fed. App'x 667, 669 (9th Cir. 2011) (noting "granting the motion in limine [in that case] operates as 'a dispositive ruling

LINKS: 331

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4887 GAF (MRWx) | Date | October 14, 2014 |
|---|---|---|---|
| Title | IV Solutions Inc v. United Healthcare Services Inc et al | | |

akin to a dismissal under Fed R. Civ. P. 12(b)96).'") (quoting, in part, <u>Dubner v. City of Cnty. Of S.F.</u>, 266 F.3d 959, 968 (9th Cir. 2001)).)

     In light of the "strong presumption of access to judicial records," a party should not request that an entire document be filed under seal unless the document's entire contents are confidential.  <u>See</u> <u>Kamakana</u>, 447 F.3d at 1179.  Instead, a party should redact those portions of the document that are confidential.  The redacted copy should then be filed on the public docket and an unredacted copy should be provided to the Court.

     As described above, United is requesting to seal excerpts from the Vara Deposition in support of its Opposition to IV Solution's Motion in Limine #5.  The Vara Deposition excerpts United seeks to file under seal, while having been deemed Confidential by the Parties, do not appear to contain any sensitive or confidential material.  Rather, the excerpts of the deposition transcript United seeks to seal relate to Vara's personal understanding of certain terms and forms.

     Because the Vara Deposition does not appear to contain confidential information, the application to file the Vara Deposition excerpts under seal is **DENIED**.  These excerpts are labeled as Exhibit A to the Declaration of David D. Johnson noted above.  **The Defendant, United, is instructed to contact the Court Clerk to either (1) arrange to pick up the materials it requested be filed under seal or (2) inform the Court that it may destroy the documents.**

     **IT IS SO ORDERED.**