LINK: 288, 291, 292, 301

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4887 GAF (MRWx) | Date | November 10, 2014 |
|---|---|---|---|
| Title | IV Solutions, Inc. v. United Healthcare Services, Inc., et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:**     **(In Chambers)**

**ORDER RE: PLAINTIFF'S MOTIONS IN LIMINE NOS. 3, 6 and 7; DEFENDANT'S MOTION IN LIMINE NO. 6**

The parties have submitted numerous motions in limine for this Court's resolution before trial. This Order addresses Plaintiff's Motions in Limine Nos. 3, 6 and 7. The following sets forth a brief background statement pertinent to all motions.

**I.
BACKGROUND**

Plaintiff IV Solutions, Inc. ("IV Solutions") is a medical provider that supplies specialty pharmaceutical products and related in-home infusion services. Defendant United Healthcare Services, Inc. ("United") is a health care service business that administers ERISA plans. (Id. ¶ 2.)

Despite the florid language of United's motion, this case presents the Court with little more than a contract dispute between two sophisticated parties. IV Solutions contends that United, through an agent, contracted with IV Solutions for the purchase of medically necessary "specialty blood products" for three patients, A.N., D.H. and M.S., enrolled in ERISA plans administered by United. (Id. ¶¶ 11, 18, 28.)[1] IV Solutions, which was an out-of-network provider, contends that the needed services were not available from in-network providers, which is why it was retained to deliver these products to the three plan participants. Because the retail

---

[1] The A.N. cause of action, which consisted of a claim for interest payments on delayed payments, was resolved on summary judgment and is no longer before the Court.

LINK: 288, 291, 292, 301

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4887 GAF (MRWx) | Date | November 10, 2014 |
|---|---|---|---|
| Title | IV Solutions, Inc. v. United Healthcare Services, Inc., et al. | | |

cost of the products was so expensive, IV Solutions further contends that United negotiated for the delivery of the products and services at a high, but agreed-on discount from IV Solutions' normal retail price.

The agreements at issue were memorialized in written contracts that purportedly specified the price to be paid for the products provided and services rendered. Once those agreements were signed, United paid the agreed-on price for the delivery of their specialty products to A.N., but eventually balked at the high prices and refused to make any additional payments for services provided to D.H. and M.S. United does not dispute the existence of the contracts but vigorously disputes any obligation to pay for the services and products that IV Solutions claims to have provided under those agreements. Among other things, United contends that: (1) IV Solutions promised to collect deductibles and co-payments from patients D.H. and M.S. but never billed for those amounts, or indeed any amounts; and (2) IV Solutions agreed to be subject to the terms and conditions of the health benefit plans administered by United. United contends that IV Solutions entered into the agreements with no intention of honoring these promises. Accordingly, while IV Solutions seeks amounts it contends are still due and owing for services and products it provided beneficiaries D.H. and M.S., United seeks a determination that it owes nothing to IV Solutions and indeed that IV Solutions must re-pay amounts it received for services rendered to the three patients.

## II
## THE MOTIONS

<u>Plaintiff's</u> <u>Motion</u> <u>in</u> <u>Limine</u> <u>No.</u> 3:   To Exclude Evidence and Testimony Regarding the Board of Pharmacy Investigation.

### A. THE CONTENTIONS

IV Solutions moves to exclude evidence of charges brought against the pharmacy, its owner, Alizera Varastehpour, and one of its pharmacists, Renee Sadow (jointly "the Respondents") by the Executive Officer of the California Board of Pharmacy ("the Board"). In the Board's Second Amended Accusation (together with the original Accusation jointly referenced as "the Accusation"), the Board charges the Respondents with a wide variety of illegal, unethical, and predatory practices including charging unconscionably high prices for products sold to patients, practicing pharmacy without a license, falsely representing licensing status, and attempting to subvert the Board's investigation into the Respondents' practices. (Docket No. 329-1, Ex. A.) IV Solutions contends that the accusations are not relevant in this case which involves arms-length bargaining between sophisticated businesses (Rule 401, Fed. R.

LINK: 288, 291, 292, 301

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4887 GAF (MRWx) | Date | November 10, 2014 |
|---|---|---|---|
| Title | IV Solutions, Inc. v. United Healthcare Services, Inc., et al. | | |

Evid.), that the allegations are immaterial because the Board has not yet acted on those accusations (In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig., 218 F.R.D. 76, 78-79 (S.D.N.Y 2003), that the Board has no jurisdiction over pricing practices (Docket No. 288, Ex. A), and that whatever minimal probative value these allegations might have is substantially outweighed by the risk of prejudice.  Rule 403, Fed. R. Evid.

United claims that the motion is "hopelessly vague and overbroad" and should be denied in its entirety, e.g., Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc., 2010 WL 2035800 (C.D. Cal., May 19, 2010), but does agree to remove the Accusation (and presumably the original Accusation) from its proposed exhibits which, it believes, moots the dispute.  United points out that testimony was given under oath in the Board proceedings and that such testimony could be used, in an appropriate situation, as a prior inconsistent statement.  United also suggests that a Board investigator might testify in this case and that such investigator might need to use his report to refresh his recollection.[2]  Indeed, United suggests that, because it has alleged that IV Solutions conduct in this case violates the unlawful conduct prong of Business & Professions Code § 17200, the allegations of the Accusation are pertinent to this case due to the similarity of the Board's claims to those being made by United in this case.  Even so, United has carefully, and perhaps deliberately failed to identify what evidence of the Board proceedings it might seek to use in the trial of this case.

**B. DISCUSSION**

The motion is controlled principally by Rules 401 through 403 of the Federal Rules of Evidence.  Rule 401 defines relevant evidence, and Rule 402 indicates that relevant evidence should be admitted unless the rules provide otherwise.  Rule 403, which governs this motion, provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

---

[2] The Court is skeptical that an investigator who looked into the issues raised in the Board proceedings would have anything relevant to say in the trial of this lawsuit.  Before any such witness is called at trial, United will be required to make a proffer, outside the presence of the jury, regarding the subject matter of that witness's testimony.

LINK: 288, 291, 292, 301

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4887 GAF (MRWx) | Date | November 10, 2014 |
|---|---|---|---|
| Title | IV Solutions, Inc. v. United Healthcare Services, Inc., et al. | | |

    Having reviewed the Accusation, the Court is persuaded that the allegations and evidence against IV Solutions, even if similar to certain of the allegations in this case, have little probative value regarding the negotiation of the contracts at issue. But even if there is some probative value to the evidence, any such probative value would be substantially outweighed by the risk of undue prejudice. Such evidence would tend to promote a decision on the basis of Plaintiff's "propensity" to engage in wrongdoing, which has little to do with what occurred between and among the participants in the transactions at the heart of this lawsuit. In plain English, the material at issue amounts to "character evidence" which may not be used to prove actions in conformity with that character.

    The drafters of the Federal Rules have resisted efforts to expand the use of character evidence in civil cases. In the 1972 Notes to the proposed rule, the Advisory Committee observed:

> The difficulty with expanding the use of character evidence in civil cases is set forth by the California Law Revision Commission in its ultimate rejection of Uniform Rule 47, id., 615:
>
> "Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened."

More recently, the Advisory Committee noted in connection with the 2006 Amendments to the rule:

> The Rule has been amended to clarify that in a civil case evidence of a person's character is never admissible to prove that the person acted in conformity with the character trait. The amendment resolves the dispute in the case law over whether the exceptions in subdivisions (a)(1) and (2) permit the circumstantial use of character evidence in civil cases.

Accordingly, the substance of the Accusation and any evidence in support of the Accusation cannot be presented during the trial of this lawsuit.

    Furthermore, the Court notes that Rule 403 also warns against the use of evidence that would tend to confuse the jury or would result in delay and the undue consumption of court time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4887 GAF (MRWx) | Date | November 10, 2014 |
|---|---|---|---|
| Title | IV Solutions, Inc. v. United Healthcare Services, Inc., et al. | | |

Here evidence from the Board proceedings would risk doing both. The jury would surely wonder why it is hearing evidence of a series of events and transactions that have nothing to do with the relationship between and among United, IV Solutions and three plan participants. Moreover, if the Court permitted the presentation of evidence regarding the allegations made before the Board, fairness would require that IV Solutions be permitted to respond to those allegations. The Court would then be mired in a trial within a trial on matters having no direct bearing on the disputed transactions that are the focus of this litigation.

Accordingly, the Court will exclude at trial: (1) the allegations made by the Board against IV Solutions, its owner and others affiliated with it; (2) all evidence in support of those allegations; and (3) any reference to the fact of any proceedings against IV Solutions and its affiliates. The motion is, to that extent, **GRANTED**.

There is one exception to the Court's ruling. Any prior statement that is inconsistent with a witness's trial testimony is potentially usable for impeachment purposes. However, the parties are admonished that if such testimony is used it is to be described as testimony given in a "prior proceeding" with no further identification of that proceeding. Likewise, the parties are to adhere to proper procedure in the use of such testimony – the page and lines must be identified before being read, the opponent must be given an opportunity to object, and the Court given the opportunity to rule on the objection. Thus, to that limited extent, the motion is **DENIED.**

<u>Plaintiff's</u> <u>Motion</u> <u>in</u> <u>Limine</u> <u>No.</u> <u>6</u>:     To Exclude Evidence and Testimony regarding Plaintiff's Financial Condition

IV Solutions moves to exclude evidence regarding its financial condition as irrelevant to the issues for trial, including its fraud claim. United contends that the evidence is relevant to IV Solution's fraud claim on the "intent" element. United argues that IV Solutions accuses United of seeking to use IV Solution's supposed financial weakness to drive it out of business by forcing it to carry large balances of unpaid claims. United also notes that Judge Wilner ruled that evidence of financial condition was **"*discoverable,*"** from which it apparently concludes that its relevance at trial has been established. United also contends that the financial statements would tend to show that IV Solutions engaged in fraudulent conduct and that its conduct constituted moral turpitude. IV Solutions counters that the relative wealth of the parties is not relevant to intent or any other element of its fraud claim, and points out that United has cited pleading cases, but no cases under the Federal Rules of Evidence, where information of the sort at issue here was permitted as evidence of fraud.

LINK: 288, 291, 292, 301

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4887 GAF (MRWx) | Date | November 10, 2014 |
|---|---|---|---|
| Title | IV Solutions, Inc. v. United Healthcare Services, Inc., et al. | | |

United conflates its own fraud claim and the evidence it must prove with IV Solutions' fraud claim and the effect of the financial evidence on that claim. Evidence of IV Solutions' financial condition is not relevant to United's intent. United's intent might be affect by ***United's*** beliefs about IV Solutions' financial wherewithal, but that would not be a proper ground to admit evidence of IV Solutions' financial condition. As to IV Solutions' fraud claim, United essentially argues that it should be permitted to show that IV Solutions is a bad actor ("moral turpitude") and from that draw an inference of intentional misconduct in this case. As the ruling regarding Motion in Limine No. 3 above indicates, that would be an improper use of character evidence and would not be permitted. Finally, the Court concludes that, even if such evidence has some probative value, it would be substantially outweighed by the potential for unfair prejudice, confusion of issues and undue consumption of time.

The motion is **GRANTED** with respect to the trial on liability. If United obtains a judgment on a counterclaim that will support a request for punitive damages, the Court will permit the admission of financial condition evidence in that phase of the trial.

Defendant's Motion in Limine No. 6:     To Exclude Evidence of United's Relative Wealth, Net Worth, Size or Revenue

This motion is subject to the same considerations discussed with respect to IV Solutions' Motion in Limine No. 6, and results in the same ruling. The motion is **GRANTED** with respect to the trial on liability. If United obtains a judgment on a counterclaim that will support a request for punitive damages, the Court will permit the admission of financial condition evidence in that phase of the trial.

Plaintiff's Motion in Limine No. 7:     To Exclude Evidence and Testimony regarding Ethics Codes

IV Solutions moves to exclude Exhibits 1123 and 1125 on the exhibit list. Exhibit 1123 is entitled Ethics and Code of Conduct, and 1125 is the National Home Infusion Association Standards for Ethical Practice. The motion includes a copy of Exhibit 1125, but no copy of Exhibit 1123. IV Solutions contends that these exhibits are not relevant to the issues before the Court.

United argues that the ethical standards help to establish industry custom and practice. It cites, as an example, that these standards make "it is unethical to routinely waive patients' deductible and coinsurance obligations." (Docket No. 322, at 1.) United also contends that the ethical standards are relevant to its UCL counterclaim which alleges that IV Solutions has

**LINK: 288, 291, 292, 301**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4887 GAF (MRWx) | Date | November 10, 2014 |
|---|---|---|---|
| Title | IV Solutions, Inc. v. United Healthcare Services, Inc., et al. | | |

engaged in unlawful acts and to its defenses of unclean hands, fraud and mistake.

     IV Solutions responds that United cites to a single provision of the NHIA Standards, and that provision cites to HHS rules regarding the provision of services under Medicare. IV Solutions notes that this Court has already ruled that the Medicare prohibition against waiver of co-payments has no application in this case. IV Solutions further notes that the California Attorney General has issued an opinion indicating that the factual scenario on which United's fraud theory is based does not violate California law. See also Buller v. Sutter Health, 74 Cal. Rptr. 3d 47, (App. Ct. 2008) (beneficiaries of private health insurance plans cannot state fraud claim based on provider's failure to disclose prompt payment discount for services rendered); Am. Fed. Of State, County & Mun. Empl. Dist. Council v. Bristol-Myers Squibb Co., 948 F. Supp. 2d 338, 347-48 (S.D.N.Y. 2013) (held that branded drug manufacturers co-pay subsidy program did not violate any duty to insurance plans and could not form the basis of a fraud claim).

     The Court defers ruling on this motion pending the parties' submission of the following materials. First, Plaintiff is to submit both exhibits to the Court for review. The documents are to be provided to the Court no later than Friday, November 14, 2014. Second, because these documents address many issues that are plainly not material to this lawsuit, United is to submit a memorandum to the Court identifying each and every provision of the exhibits that it contends is relevant to the issues in this case together with a brief argument indicating its relevance to the present dispute. That document, which is not to exceed 10 pages, is also to be filed with the Court no later than close of business on Monday, November 17, 2014. IV Solutions, in a memorandum not to exceed 10 pages, is to respond to each item in Exhibits 1123 and 1125 that United contends is relevant to an issue in the case. That document must be filed by the close of business on November 24, 2014.

     **IT IS SO ORDERED.**