LINK: 287, 290

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4887 GAF (MRWx) | Date | November 12, 2014 |
|---|---|---|---|
| Title | IV Solutions, Inc. V. United Healthcare Services, Inc., et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes Kerr | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:** (In Chambers)

## ORDER RE: PLAINTIFF'S MOTIONS IN LIMINE NOS. 2 and 5

### I.
### BACKGROUND

Plaintiff IV Solutions, Inc. ("IV Solutions") is a medical provider that supplies specialty pharmaceutical products and related in-home infusion services. Defendant United Healthcare Services, Inc. ("United") is a health care service business that administers ERISA plans. (Id. ¶ 2.)

This case presents the Court with what is principally a contract dispute between two sophisticated parties. IV Solutions contends that United, through an agent, contracted with IV Solutions for the purchase of medically necessary "specialty blood products" for three patients, A.N., D.H. and M.S., enrolled in ERISA plans administered by United. (Id. ¶¶ 11, 18, 28.)[1] IV Solutions, which was an out-of-network provider, contends that the needed services were not available from in-network providers, which is why it was retained to deliver these products to the three plan participants. Because the retail cost of the products was so expensive, IV Solutions further contends that United negotiated for the delivery of the products and services at a high, but agreed-on discount from IV Solutions' normal retail price.

The agreements at issue were memorialized in written contracts that purportedly specified the price to be paid for the products provided and services rendered. Once those agreements

---

[1] The A.N. cause of action, which consisted of a claim for interest payments on delayed payments, was resolved on summary judgment and is no longer before the Court.

LINK: 287, 290

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4887 GAF (MRWx) | Date | November 12, 2014 |
|---|---|---|---|
| Title | IV Solutions, Inc. V. United Healthcare Services, Inc., et al. | | |

were signed, United paid the agreed-on price for the delivery of their specialty products to A.N., but eventually balked at the high prices and refused to make any additional payments for services provided to D.H. and M.S.  United does not dispute the existence of the contracts but vigorously disputes any obligation to pay for the services and products that IV Solutions claims to have provided under those agreements.  Among other things, United contends that: (1)  IV Solutions promised to collect deductibles and co-payments from patients D.H. and M.S. but never billed for those amounts, or indeed any amounts; and (2) IV Solutions agreed to be subject to the terms and conditions of the health benefit plans administered by United.  United contends that IV Solutions entered into the agreements with no intention of honoring these promises.  Accordingly, while IV Solutions seeks amounts it contends are still due and owing for services and products it provided beneficiaries D.H. and M.S., United seeks a determination that it owes nothing to IV Solutions and indeed that IV Solutions must re-pay amounts it received for services rendered to the three patients.

**Motion in Limine No. 2: To Exclude Parol Evidence regarding the Viant Contracts**

	IV Solutions seeks to exclude the testimony of Viant witnesses Rose Robison and Anna Moore who would potentially testify regarding the terms and conditions of the agreement between IV Solutions and United.  IV Solutions contends that their testimony is parol evidence that should not be admitted to contradict the unambiguous terms of the Viant Contracts.   In support of the argument, IV Solutions cites portions of the Viant Contracts that it claims are "unambiguous" regarding the 15% or 20% discount and the timeframe of the invoices for which the discount applies.  (Mem. at 1-2.)  IV Solutions also claims that the deposition testimony of Robison and Moore, who are outside the subpoena power and unwilling to voluntarily appear to testify at trial, should be excluded because they could not recall their communications with IV Solutions.  (Mem. at 2-14.)

	United opposes the motion on the grounds that its parol evidence includes documentary or testimonial evidence of prior circumstances, parties' communications, industry custom and practice, and the parties' course of dealing to give meaning to the language under discussion.  (Opp. at 1, 5-6.)  In addition, United states that Robison and Moore did recall their communications with IV Solutions after reviewing their case notes, which was an acceptable means of refreshing recollection.  (Opp. at 6.)  Finally, United argues that the Court's ruling on summary judgment that the agreements are ambiguous necessarily requires a finding that parol evidence is admissible.  (Opp. at 2-5.)

LINK: 287, 290

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4887 GAF (MRWx) | Date | November 12, 2014 |
|---|---|---|---|
| Title | IV Solutions, Inc. V. United Healthcare Services, Inc., et al. | | |

On Reply, IV Solutions points out that the Robison and Moore depositions were not taken until after the Court's ruling on summary judgment and that they relied on a standard script that says nothing about the obligation of providers to collect copayments, coinsurance, or deductibles. (Reply at 1-6.)

The Court has already determined that the agreements are ambiguous and that both parties present plausible interpretations. (Docket No. 220.) The Court has reviewed the excerpts from the Robison and Moore deposition transcripts, which include testimony on standard practices in dealing with providers and the amount of the bill and type of services subject to negotiation. See Moore Dep. at 56:2-57:24; Robison Dep. at 88:23-25; 103:8-11; 104:13-105:23; 107:15-18. This testimony is clearly relevant to United's interpretation of the Viant Contracts. See Pac. Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co., 69 Cal.2d 33, 37 (1968) ("If the court decides . . . that the language of a contract, in the light of all the circumstances, 'is fairly susceptible of either one of the two interpretations contended for . . .' [citations omitted], extrinsic evidence relevant to prove either of such meanings is admissible."). Therefore, Motion in Limine No. 2 is **DENIED**. This denial is without prejudice to IV Solutions objecting to specific portions of the Robison and Moore depositions at trial.

**Motion in Limine No. 5: To Exclude Evidence and Testimony regarding the Patients' Benefit Plans**

IV Solutions admits that MIL No. 5 is not a request for outright exclusion of evidence; rather, IV Solutions requests that the Court control the order of proof and presentation of evidence to ensure that the issue of whether the patients' benefit plans are incorporated into the contracts between IV Solutions and Viant is decided before allowing the introduction of evidence and testimony regarding the patients' benefit plans. IV Solutions contends that the benefit plans were not "incorporated by reference" because (1) the reference to the patients' Summary Plan Description was not clear and unequivocal; (2) the references were not called to the attention of IV Solutions and IV Solutions did not consent thereto; and (3) the terms of the incorporated document were not known or easily available to IV Solutions. (Mem. at 1-11.) IV Solutions argues that allowing introduction of the benefit plans before a determination of whether they are incorporated into the Viant contracts would be "unfairly prejudicial, would result in confusion of the issues and misleading the jury." (Mem. at 11.) This appears to be because of IV Solutions' fear that the jury would hear evidence of "irrelevant benefit plans" and decide the case based upon those plans rather than the Viant contracts alone. See Id.

United opposes the motion primarily on the grounds that this issue has already been litigated on summary judgment and that evidence regarding the benefit plans is central to

LINK: 287, 290

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4887 GAF (MRWx) | Date | November 12, 2014 |
|---|---|---|---|
| Title | IV Solutions, Inc. V. United Healthcare Services, Inc., et al. | | |

interpreting the agreements, understanding the circumstances under which they were executed, and the relationship between the members, plans, United, and IV Solutions. United contends that bifurcation is not practicable because evidence regarding the benefit plans is not separable from other issues in the case.

In its Reply, IV Solutions declines to respond to United's opposition as to the elements of the "incorporation by reference" test because it is not requesting that the Court decide the ultimate issue matter in this motion. (Reply at 3.) Instead, IV Solutions restates its position that contract interpretation is a legal issue for the Court that must be decided before permitting presentation of the benefit plans.

The threshold issue to resolving this motion is whether the Court or the jury determines if the terms of the benefit plans were incorporated into the agreements. Compare Reply at 2 ("[I]nterpretation of the contracts is a legal issue for the Court to decide") with Opp. at 3 ("[T]he very notion that the jury could determine whether the terms of the Members' plans were incorporated into the Agreements - without knowing what the plans said - makes no sense."). The Ninth Circuit has held that "when there is a material conflict in extrinsic evidence supporting competing interpretations of ambiguous contract language the court may not use the evidence to interpret the contract as a matter of law, but must instead render the evidence to the factfinder for evaluation of its credibility." Cachil Dehe Band of Wintun Indians of Colusa Indian Community v. California, 618 F.3d 1066, 1077 (2010). Even the cases that IV Solutions cites for the proposition that contract interpretation is a legal issue contain caveats if the interpretation turns upon the probative value of extrinsic evidence. See Mem. at 1-2, citing Parsons v. Bristol Dev. Co., 62 Cal.2d 861, 865 (1965) (it is "solely a judicial function to interpret a written instrument unless the interpretation turns upon the credibility of extrinsic evidence") (emphasis added); Sunniland Fruit, Inc. v. Verni, 233 Cal.App.3d 892, 898 (1991) ("interpretation of a written instrument is a judicial function to be exercised according to the generally accepted canons of interpretation, unless the interpretation turns upon the credibility of extrinsic evidence") (emphasis added).

In this case, the Court has already determined that there are ambiguities in the agreements and conflicting extrinsic evidence submitted by both sides in aid of their respective interpretations. (Docket No. 220 at 12-13.) Given that neither side has waived its right to a jury trial on this issue, the jury will function as the factfinder to evaluate the extrinsic evidence, including the plan terms and how those terms affect the meaning of the provisions in the agreement between IV Solutions and United. There appears no practical way to reach a final decision regarding the meaning of the agreements without the consideration of the benefit plans. Accordingly, while the Court may impose some order on the presentation of evidence at trial, the

LINK: 287, 290

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-4887 GAF (MRWx) | Date | November 12, 2014 |
|---|---|---|---|
| Title | IV Solutions, Inc. V. United Healthcare Services, Inc., et al. | | |

Court cannot say that a final determination on the meaning of the contract must be made before evidence of the plans can be presented.

   The motion is **DENIED**.

   **IT IS SO ORDERED.**