LINK: 289

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 12-4887-GAF (MRWx) | Date | November 14, 2014 |
|---|---|---|---|
| Title | IV Solutions, Inc. v. United Healthcare Services, Inc., et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes Kerr | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**      **(In Chambers)**

### ORDER RE: PLAINTIFF'S MOTION IN LIMINE NO. 4

The following order addresses Plaintiff's Motions in Limine No. 4.

Motion in Limine No. 4: To Exclude Evidence and Testimony regarding the *IV Solutions v. The Office Depot* Case

    In litigation with Office Depot, IV Solutions was sanctioned for its owner's misconduct in a discovery matter. IV Solutions seeks to preclude reference to any aspect of that case because it is not relevant to the present lawsuit and has a significant potential for prejudice.

    United feigns ignorance of what IV Solutions seeks to exclude and argues that the evidence should be admitted as character evidence to show that IV Solutions harbored the intent to swindle United.

    The Court refers the parties to the Court's ruling on IV Solution's Motion in Limine No. 3 and its discussion regarding the use of character evidence in civil litigation. As noted in that ruling, the Advisory Committee involved in the drafting of the Federal Rules of Evidence observed:

> The difficulty with expanding the use of character evidence in civil cases is set forth by the California Law Revision Commission in its ultimate rejection of Uniform Rule 47, id., 615:

**LINK: 289**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-4887-GAF (MRWx) | Date | November 14, 2014 |
|---|---|---|---|
| Title | IV Solutions, Inc. v. United Healthcare Services, Inc., et al. | | |

"Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened."

But that is just what United seeks to do here – to put before the trier of fact character evidence that has nothing to do with this case in an effort to gain an advantage by besmirching IV Solutions' owner. While the sanctions appear more than justified in the Office Depot case, they have little to do with the issue presently before this Court.

If should now be clear to the parties that the Court intends to try *this case* and not to relitigate the Board of Pharmacy Proceedings, the AMA litigation, the New York Attorney General litigation or the Office Depot case. The parties should keep this admonition clearly in mind as this case moves forward to trial.

The motion is **GRANTED.**


**IT IS SO ORDERED.**